## BOHLENDER, ESTATE OF, In Re
## SCHWAB v BOHLENDER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1392.   Decided June 9, 1936

S. E. Mote, Greenville, for appellant.
Wayne F. Lee, Dayton, for appellee.

## OPINION

By BODEY, J.

This proceeding is before the court on appeal on a question of law from a final order of the Probate Court of Montgomery County.

No bill of exceptions is at hand. The following is a chronological review of the actions taken in the administration of the estate of Walter M. Bohlender, deceased, which are pertinent to the disposition of the question before us, as the same are gleaned from the original papers and from the transcript of the docket and journal entries:

January 21, 1929—First and final account of administration filed.

February 16, 1929—Exceptions to said account filed by Cora R. Schwab.

May 20, 1929—Exceptions overruled and account confirmed by Probate Court.

June 4, 1929—Appeal bond filed.

March 16, 1931—Mandate of Common Pleas Court filed.

April 28, 1931—Certified copy of entry and decision of Common Pleas Court filed in which the exceptions of Cora R. Schwab to the first and final account were sustained.

October 3, 1935—Motion filed in Probate Court to strike from files and dismiss exceptions filed to said first and final account, which motion is as follows:

"Now comes Fred J. Bohlender, administrator herein, and moves the court to strike from the files and dismiss the exceptions which were filed to his final account herein by Cora M. Schwab and to vacate, set aside and hold for naught all of the findings, orders, judgments, decrees and proceedings which were made and

taken as the result of the filing of such exceptions."

February 25, 1936—Motion to dismiss exceptions sustained by Probate Court as per the following entry:

"This day this cause came on to be heard upon the motion of Fred J. Bohlender, administrator herein, to strike from the files and dismiss the exceptions which were filed to his final account herein by Cora R. Schwab and to vacate, set aside and hold for naught all of the findings, orders, judgments, decrees and proceedings which were made and taken as a result of the filing of such exceptions, which motion was submitted to the court upon the briefs of counsel. Whereupon the court, being fully advised, finds that said motion is well taken and therefore sustains the same and orders that the exceptions filed by Cora R. Schwab to the final account of the administrator herein be and same hereby are stricken from the files, and all findings, orders, judgments, decrees and proceedings which were made and taken as the result of the filing of such exceptions are hereby vacated, set aside and held for naught, to all of which findings, orders and rulings of the court Cora R. Schwab by her counsel excepts."

February 27, 1936—Notice of appeal filed.

It is the order of the Probate Court, dated February 25, 1936, which the appellant seeks to reverse in the present appeal on a question of law.

Prior to October 3, 1935, when the motion to strike from the files and dismiss the exceptions to the first and final account of the administrator was filed, said exceptions of Cora R. Schwab to that account had been sustained by the Common Pleas Court on appeal and its mandate had been sent to the Probate Court. If these exceptions were not well taken, or if for any reason they were not properly filed by a party interested in the distribution of the estate of Walter M. Bohlender, such question should have been raised through error proceedings prosecuted to this court from the final order of the Court of Common Pleas sustaining the exceptions. Error was not prosecuted from the order of the Common Pleas Court. When its mandate was sent to the Probate Court and the finding of the Common Pleas Court was there journalized, that finding became a judgment of the Probate Court. Being a judgment, it could be modified or vacated only on a ground and in the manner prescribed by law. In that particular, the Probate Court is governed by the rules and regulations which fix the duties, the obligations and the jurisdiction of the Common Pleas Court. §10501-22 GC. Under §10501-17 GC the Probate Court has the power to vacate or modify its judgments. By §10501-18 GC terms of court are fixed for it. The exceptions filed by Cora R. Schwab, so far as this record discloses, were properly filed. They were passed upon by the court in a manner favorable to the exceptor. They could not be withdrawn by the exceptor or stricken from the files or dismissed by the court, after the order sustaining them had been entered, until the court first, and as a prerequisite to such further action, vacated its judgment. The order of the court sustaining the exceptions was in full force and effect and was unreversed, and it could not be inferentially vacated or reversed by these collateral proceedings which tended to remove from the court's record the very foundation upon which its order was based.

A rather similar question was before the Circuit Court of Hamilton County in the case of Kinsella v DeCamp, 15 C.C., 494. We quote from the opinion of Smith, J., at page 498.

"We are led to the conclusion then, that where in the settlement of an account of that kind, and where, as in this case, there were exceptions to the account of the executor, and a decision is made by the court, and that decision is properly entered upon the journal or record of the Probate Court, it is final unless reviewed or changed in some manner provided for by the law regulating the settlement of estates of deceased persons—and that the Probate Court in such case has not the right to vacate such order or judgment otherwise, and that an order made long after the entry of the original judgment, as was done in this case, was a nullity, and the original order stands in full force."

The language of this opinion correctly states the law as we understand it.

Whether or not the judgment sustaining the exceptions of Cora R. Schwab to this first and final account may be vacated or suspended at this late date by direct proceedings instituted for such purpose we do not determine, as that question is not here presented.

It is our opinion that the Probate Court was in error when it sustained the motion of the administrator to strike these exceptions from the files and especially was it in error when it attempted in this manner

to vacate, set aside and hold for naught all findings, orders, judgments, decrees and proceedings which were made and taken as the result of the filing of such exceptions. These errors of the Probate Court were of law and were prejudicial. The judgment of the Probate Court is, therefore, reversed and this cause is remanded to that court with instructions that it overrule the motion of Fred J. Bohlender, as administrator, dated October 3, 1935, to dismiss the exceptions filed to his first and final account by Cora R. Schwab. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.