## WHITE v SCHWAB, Admx., et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1538. Decided March 20, 1939

230

S. E. Mote, Greenville, for appellant. Jacobson & Durst, Dayton, for appellee.

**OPINION**

By GEIGER, J.

Two cases are before us on appeal, the same having been consolidated and tried as one and the final order appealed from being entered under No. 87980, Court of Common Pleas, the consolidated case being No. 1538 in this Court. This makes it necessary for us to examine the pleadings and issues in each case as they may relate to the final judgment in the consolidated case.

In No. 86077, the plaintiff in her amended supplemental petition states in substance that Fred J. Bohlender was appointed administrator, of Walter M. Bohlender, deceased, on the 14th of December, 1927; that upon the administrator's death in 1936, leaving assets unadministered, Cora R. Schwab was appointed administratrix de bonis non; that Fred J. Bohlender filed a bond in the sum of $13,000.00 for the proper administration of the estate with P. W. Bohlender and John Bohlender as sureties.

It is alleged that said Fred J. Bohlender as administrator failed to make settlement with Cora R. Schwab, the sole heir of Walter M. Bohlender, after exceptions to the account of Fred J. Bohlender had been sustained and failed to file accounts as the law required and retarded the settlement of said estate unnecessarily and failed to surrender the proceeds of a War Risk Inssurance Policy to Cora R. Schwab, but appropriated same, amounting to $6170 less $1666.67, received by Cora R. Schwab as the wife and widow of the said Walter M. Bohlender; that said Fred J. Bohlender received the assets of the estate amounting to $6170, but made no settlement except his first and final account to which exceptions were filed by the widow which exceptions were sustained by the Court of Common Pleas on appeal from the Probate Court which decision was certified and remanded to the Probate Court and became the decision and opinion of the Probate Court on the docket of that Court; that no settlement has been filed by Bessie May White as executrix of the estate of Fred J. Bohlender, deceased; that P. W. Bohlender has died and Cora Bohlender was duly appointed his executrix.

It is alleged that prior to the bringing of this suit the plaintiff demanded a settlement of Bessie May White as executrix of the estate of Fred J. Bohlender, said demand being made verbally that she surrender and make payment of the assets converted, which demand was refused.

It is alleged that the amount of the War Risk Insurance received from the United States Government which has been retained and held by Fred J. Bohlender and his executrix since January 1, 1928, is $4370 with interest for which plaintiff asks judgment.

To this petition Bessie May White as executrix of the estate of Fred J. Bohlender files an answer admitting the qualification of all parties in their representative capacities and the giving of

bond by her decedent and further answers that plaintiff has failed and neglected to present any claim that she may have against defendant for a period of more than four months since appointment of defendant as executrix of the estate of Fred J. Bohlender and that by reason thereof any claim the plaintiff may possibly have is barred. She further denies all other allegations of the petition.

. Cora Bohlender as the executrix of the estate of P. W. Bohlender and John Bohlender file separate identical answers alleging that the plaintiff has failed to present any claim against the estate of Fred J. Bohlender to the executrix within four months from the time of her appointment.

To these answers Cora R. Schwab as administratrix de bonis non of the estate of Walter M. Bohlender replies that she is suing in the representative capacity of administratrix de bonis non of the estate of Walter M. Bohlender for assets fraudulently held and belonging to the estate on the bond of Fred Bohlender, the former adminstrator and asserts that said claim is not such as requires the presentment by a general creditor of the estate. Replies are filed to the other answers.

On the 27th of May, 1938, the cause came on for hearing and it was then agreed that the case No. 86077 be consolidated with case No. 87980 and that all further proceedings in said consolidated action be had under the number 87980. The final judgment of the Court does not appear in the transcript of the docket of 86077 but a motion for a new trial was filed and a bill of exceptions tendered, to which exceptions were filed for the reason that said bill recites that the Court overruled a motion for new trial whereas no motion for new trial was overruled in case No. 86077 because the case had been consolidated with case No. 87980. A motion was made to strike from the files the bill of exceptions, which motion was sustained.

We consider now case No 87980, Court of Common Pleas. A petition was filed by Bessie May White against Cora R. Schwab as administratrix of Walter M. Bohlender, and as an individual and against Bessie May White as executrix of the estate of Fred J. Bohlender, deceased. In this petition it is alleged that Walter M. Bohlender prior to 1917 separated from his wife. who is now Cora R. Schwab ; that he enlisted in the United States Army and obtained a policy of War Risk Insurance in the sum of $10,000 naming therein his mother, Sarah M. Bohlender as beneficiary; that he died in 1918 without issue and payments of the insurance policy were made to his mother until her death in 1927 at which time there still remained due on the policy the sum of $6170, which was paid by the Government to Fred J. Bohlender, administrator of Walter M. Bohlender.

It is alleged that on March 6, 1928, the defendant Cora R. Schwab, formerly Cora Bohlender, wife of Walter M. Bohlender, and thereafter remarried, executed a certain assignment, which is set out in detail, to the effect that for a valuable consideration she assigns and transfers to Bessie May White all of her right, title and interest to the sum of $6170, now in the possession of Fred J. Bohlender, deceased, paid to him as administrator by the Veterans Bureau on a policy on the life of the deceased. In said document she ordered and directed Fred J. Bohlender, as administrator to pay to Bessie May White the money to which she may be entitled as the widow of said deceased, authorizing Bessie May White to receive such money.

It is alleged that such document was delivered to Fred J. Bohlender as administrator and that in pursuance thereto he paid to the plaintiff, Bessie May White, $5391.35 being the balance then in his hands. It is asserted that Cora R. Schwab and Cora R. Schwab as administratrix deny the validity of the document. Plaintiff prays that the Court render a declaratory judgment declaring the validity of the document and defining the rights thereto.

To this petition Cora R. Schwab individually and as administratrix de bo-

nis non filed an answer admitting various allegations and denying such as not specifically admitted. As a second defense she asserts that the alleged assignment by her to Bessie May White for the alleged consideration of $2500, of her interest in said War Risk Insurance was in truth to Fred J. Bohlender who was then the administrator of the estate of Walter Bohlender and was void for the reason that said assignment was for the benefit of the administrator instead of for Bessie May White and that the $2500 was paid by the administrator from the money in his hands derived from the insurance policy and that he had a personal interest in the same and that the release was obtained by concealment of the fact that all of the $6170 belonged to Cora R. Schwab, all of which matters were known to Bessie May White; that Fred J. Bohlender as a part of the consideration for the assignment asserted a false claim to the effect that his son's estate was indebted to him personally in the sum of $3000 without revealing that said insurance was exempted by law from the claims of creditors of Walter M. Bohlender or of the beneficiaries of said insurance fund.

As a third defense Cora R. Schwab asserts that on the 31st day of December, 1930, by the consideration of the Court of Common Pleas of Montgomery County, on appeal from the Probate Court upon exceptions to the final account of Fred J. Bohlender, administrator, in which exceptions it was asserted that the assignment was void, a judgment was rendered in favor of Cora R. Schwab as executrix and against Bessie May White, said judgment sustaining the exceptions being then remanded to the Probate Court and became the judgment of that Court and that said judgment is in full force and effect and unreversed; that all matters in connection with said assignment and the accounting of the administrator were in issue as well as the fraudulent action of Fred J. Bohlender regarding said assignment and that all such matters were or should have been litigated

in said action and that by reason thereof the plaintiff is estopped from prosecuting this action and all matters connected with said alleged assignment; that said judgment and finding appears on the docket of the Probate Court of Montgomery County and the defendant individually and as administratrix prays that the Court find that said matters set out in plaintiff's petition have been formerly adjudicated and that plaintiff's petition may be dismissed.

A reply is filed denying the allegations inconsistent with the plaintiff's petition.

On these pleadings in case No. 87980 the Court found that the defendant Cora R. Schwab did, for valuable consideration, legally execute to Bessie May White the plaintiff the document dated March 6, 1928; that said document is valid and binding and legal in every respect and that pursuant to said document, Fred J. Bohlender, as administrator of the estate of Walter M. Bohlender, legally and properly paid to Bessie May White, all the moneys described in the document and that any claim of fraud in her answer made by Cora R. Schwab is disproven and that said Cora R. Schwab, administratrix, has no cause of action against Bessie May White as administratrix of the estate of Fred J. Bohlender as against the other sureties and said cause is dismissed and that Cora R. Schwab is estopped from further proceeding against any of the parties defendant. This entry relates to the consolidated cases 86077 and 87980.

A motion for new trial was filed and overruled and notice of appeal given from the foregoing judgment of date July 29, 1938, said appeal being on questions of law. The bill of exceptions was presented and motion made to strike the same for the reason that the bill of exceptions recites that a motion for new trial was filed, whereas no such motion was filed. This motion to strike was overruled because of the fact that cases 86077 and 87980 had been consolidated under 87980.

Much of the controversy in this case centers around the question as to the

validity or invalidity of the assignment made by Cora R. Schwab to Bessie May White of her interest in the insurance money and the direction to the former administrator to pay the same to Bessie May White. There being so many interrelated parties in this case it is difficult to keep the relative positions of each in mind. It may be first stated that Cora Schwab was formerly the wife of Walter M. Bohlender, but that before he enlisted as a soldier they were permanently separated and never assumed marital relations after he enlisted. Walter M. Bohlender brought an action for divorce against his wife in August, 1917, in the Circuit Court of Cook County, Illinois, and a decree was granted to him by that Court at its January term, 1918. It appears that the Circuit Court of Cook County, Illinois in February, 1918, vacated the decree of divorce and dismissed the action so that at the time the soldier secured his insurance and at the time of his death, Cora R. Schwab was his wife and became his widow, later marrying Schwab. Bessie May White is the sister of the deceased soldier and was the sister-in-law of Cora Bohlender (Schwab). It appears that Cora Bohlender resided with Bessie May White for a considerable period after the separation between her and her husband. Fred J. Bohlender was the father of Bessie May White and Walter M. Bohlender.

At the outset we may say that we do not feel disposed to disturb the order of the Court below, unless it appears that the judgment and finding of the Common Pleas Court, on the appeal from the Probate Court on the exceptions of Cora R. Schwab to the first and final account of Fred J. Bohlender as administrator of the deceased soldier, was such a determination as to fix the rights between the parties on the question of the validity or invalidity of the assignment. If Cora R. Schwab in full possession of all the facts, such as are testified to by her attorney William F. Hyers, (Record Pages 33 to 38 inclusive) made an assignment of her interest in the insurance money, resulting from

the death of her estranged husband, to her sister-in-law and such an assignment was not declared by a court of competent jurisdiction to be void it would support the judgment of the Court below.

The entry from which an appeal is taken recites that two cases were consolidated and that the Court finds that Cora R. Schwab did on March 6, 1928, legally execute to Bessie May White a valid document and that in pursuance thereto the administrator legally and properly paid to Bessie May White all the moneys described in said document; that any claim of fraud made by Cora R. Schwab is disproven and that Cora R. Schwab as administratrix has no cause of action against Bessie May White as administratrix or as against the sureties on the bond, and that she is estopped from further proceeding against them or any of them.

It therefore becomes of major importance to determine the effect of the order of the Court of Common Pleas sustaining the exceptions to the first account of Fred J. Bohlender, as administrator of his deceased son, Walter. This account together with the receipts is filed as Cora R. Schwab's Exhibit "B". The administrator charges himself with the receipt on February 9, 1928 from the United States Veterans Bureau the balance of the policy of the insurance of which Sarah Bohlender, mother of the deceased, was named as beneficiary, $6170 and claims credit for expenditures of $778.65, leaving a balance on hand of $5391.35. The administrator stated in his account that Cora R. Schwab who was the wife of Walter Bohlender at the time of his death, who has since remarried, made an assignment on the 6th day of March, 1928, of all her right, title and interest in the assets of the estate to Bessie May White, sister of the deceased, daughter of the administrator and sister-in-law of Cora R. Schwab, and directed the administrator to pay her interest to Bessie May White and that he has accordingly paid to his daughter the balance in his hands amounting to $5391.35, a receipt for

which is attached. The administrator further states that he was formerly appointed administrator of his deceased son in July, 1918 and that he incurred expenses in connection with certain litigation in Chicago amounting to $2,000 which with interest would amount to $3200 and would be a charge against the estate of Walter, payable out of the funds now in the hands of the administrator and that solely because of the fact that the interest of Cora R. Schwab was assigned to his daughter the administrator is not making any claim against the estate for the payment of his said claim.

Cora Schwab's Exhibit "D" sets out the exceptions she filed to the account in Probate Court. She excepts for the reason that certain assets that came into the hands of the administrator have not been accounted for and that the administrator has administered the estate for his own benefit and that of his dependents instead of the rightful heirs; that from the first proceeding he has covered up and misrepresented said estate and its true condition and failed to disclose that Walter M. Bohlender died leaving the exceptor, his widow, and induced her to execute an assignment of her interest in the insurance policy to his daughter, Bessie May White, for a colorable consideration of $2500, the amount of said estate being about $6190; that no part of the $2500 was paid by Bessie May White, but was paid out of the money belonging to the exceptor; that the assignment of the exceptor's interest is in violation of the Act of Congress relating to War Risk Insurance in that Bessie May White is in no way a dependent upon the deceased soldier. She objects to the $500 attorney fee as excessive. She asserts that the actions of the administrator in concealing the fact that the soldier left a widow and refusing to pay over the sum to her constituted a fraud upon the Court and the exceptor, rendering the assignment a nullity.

The Probate Court overruled the exceptions and the exceptor filed an appeal in the Common Pleas Court where the case was heard by Judge Snediker. He rendered an opinion after reciting at length the facts and setting out in full the assignment made by Cora R. Schwab and other matters incident to the assignment to the effect that the assignment was fraudulent and void and that there was irregularity in the administration of the estate, which makes the account legally objectionable and the Court states, "in our opinion the exceptions should be allowed."

The Court's opinion was filed April 27, 1931. A nunc pro tunc order was filed on April 27, 1931, reciting that it appearing to the Court that at the time of filing of the final entry on December 31, 1930, counsel by oversight, failed to attach a copy of the opinion, which was ordered attached for the purpose of amplifying the record, it is now ordered that said copy of opinion be filed as of December 31, 1930 and that a copy thereof be sent or transmitted by the Clerk of this Court to the Probate Court. This latter entry is sufficient to indicate the fact that there was or should have been a final entry embodying the matters decided by the Common Pleas Court under date of December 31, 1930 and that it was probably transmitted to the Probate Court as of that date. However, neither of these important documents or a transcript thereof appear in the record. A court speaks through its entries and not through an opinion. To be the action of the court an opinion must ripen into a judgment, properly entered.

Cora R. Schwab's Exhibit "E" is a motion of Fred J. Bohlender in Probate Court that the Court strike from the files and dismiss the exceptions which were filed in this final account and to vacate, set aside and hold for naught all the findings, orders, judgment, decrees and proceedings which were made and taken as a result of the filing of such exceptions. This motion coming on to be heard, the Probate Court on February 25, 1936, found said motion to be well taken and sustained the same and ordered that the exceptions filed

by Cora R. Schwab to the final account be stricken from the files and all findings and proceedings which were made and taken as a result of the filing of said exceptions were vacated and set aside and held for naught. The order of the Probate Court in so dismissing the exceptions was appealed to this Court, No. 1392, 22 Abs 125. 'A decision was rendered by this Court under date of June 9, 1936 through Bodey, Judge. In this decision the transactions leading to the dismissal of the exceptions are set out at large and need not be here repeated. The opinion states that the Probate Court was in error when it sustained the motion of the administrator to strike the exceptions from the files and was especially in error when it attempted in this manner to vacate the findings which were made by the Court of Common Pleas as a result of such exceptions. Judge Bodey in his opinion stated:

"When this mandate was sent to the Probate Court, and the finding of the Common Pleas Court was there journalized that finding became the judgment of the Probate Court."

The judgment of the Probate Court was reversed and cause remanded with instructions that it overrule the motion of the administrator, dated October 3, 1935, to dismiss the exceptions.

Cora R. Schwab's Exhibit "G" shows a mandate sent by the Court of Appeals to the Probate Court reciting the error of the Probate Court in sustaining the motion of the appellee to strike and in attempting to vacate the judgment on the exceptions. The cause was remanded to the Probate Court with instructions to overrule the motion to dismiss the exceptions.

Cora R. Schwab's Exhibit "H" is the entry of the Probate Court stating, in effect, that the cause came on to be heard on the mandate from the Court of Appeals and it was ordered in pursuance of such mandate that said motion be and the same is hereby overruled and that the said appellant recover her costs.

There is still a defect in the record in that we are not informed as to what the Probate Court did in reference to the exceptions after having been ordered by the Common Pleas Court to overrule the exceptions. It is quite apparent what the Court should have done if it followed the decision of Judge Snediker. It would have been the duty of the Court, in compliance with such opinion to sustain the exceptions on the ground that the assignment was secured by fraud and the Court should further have proceeded to order the administrator to pay the balance in his hands to Cora R. Schwab. Whether or not the Court did this or whether the case simply stands on the record of the Probate Court upon the exceptions, without a final judgment, we are not informed. The opinion of Judge Bodey In Re Schwab v Bohlender, 22 Abs 125 indicates that an entry journalizing Judge Snediker's opinion had been made in Probate Court, but we have no record of that fact in this appeal. We can not understand why counsel should overlook this important matter.

Sec. 8578, GC in force at the time of the death of the soldier provides that when a person dies intestate and leaves personal property it shall be distributed, if there are no children or their legal representatives, to the husband or wife, relict of such intestate. There does not seem to be any exception as to the relations that must exist between the husband and wife if there has been a separation voluntary or otherwise as a basis for the inheritance. The soldier was without children. His wife was estranged but was still his wife and she therefore had the right to inherit when the designated beneficiary, the mother in this case, may have died.

In the case of Palmer v Mitchell, Admr., 117 Oh St 87, the Court holds, in effect, that under §303 of the Act of Congress if the designated beneficiary survives the insured and dies prior to receiving all the installments of the insurance the present value of the insur-

ance thereafter payable must be paid to the estate of the insured soldier and in case of his intestacy, distributed according to the law of descent and distribution at the date of the soldier's death.

As before stated, if this matter had been tried de novo in the Court of Common Pleas and there had been no decision on the exceptions to the account that the assignment was void, we would have do difficulty in following the court below. Our difficulty now is to make proper application of the ruling of Judge Snediker assuming that it ripened into a judgment both in the Court of Common Pleas and in the Probate Court.

Counsel for appellee calls attention in his brief to the fact that the bill of exceptions does not include the entry of the Common Pleas Court and he asserts that if such entry had been included the uncertainty and ambiguity therein would have appalled the Court. He asserts that all that is before this Court is the decision and the nunc pro tunc entry and that this is all the basis for the claim of res judicata.

We are of the opinion that, if through the exceptions to the account, the matters in litigation in the Court below in this case were passed upon by the proper reviewing court in the matter of the exceptions to the account █ of the administrator and if the opinion of the Court was carried into proper judgments in the Court of Common Pleas and the Probate Court, that that matter can not be again litigated in the two cases which were consolidated and that the order of the Common Pleas Court is res judicata and can not be again litigated if in fact there was a judgment entry. As said by Judge Bodey in the opinion above referred to, if these exceptions were not well taken or if for any reason they were not properly filed by the party interested in the distribution of the estate of Walter M. Bohlender, such question should have been raised through an error proceeding prosecuted to this Court (Court of Appeals)

from the final order of the Court of Common Pleas sustaining the exceptions. Error was not prosecuted from the Court of Common Pleas. When its mandate was sent to the Probate Court and that finding becomes a judgment of the Probate Court, if it was in fact reduced to judgment, it could be modified or vacated only on grounds and in the manner prescribed by law which is by proper appeal from the order of the Common Pleas Court.

Bessie May White as executrix of the estate of Fred J. Bohlender asserts as a defense that the plaintiff Cora R. Schwab has failed and neglected to present any claim against the defendant for a period of more than four months since her appointment as executrix and this defense is repeated by John Bohlender and others.

To this defense Cora R. Schwab as administratrix of Walter M. Bohlender replies that she is suing in a representative capacity as administratrix de bonis non of the estate of Walter Bohlender for assets fraudulently held and belonging to said estate on the bond of Fred J. Bohlender and his sureties and that her claim is not such as requires presentment by a general creditor of the estate. §§10509-112 and 10509-134 provide that creditors shall present their claims to the executor or administrator within four months after the date of his appointment and that claims not presented within the time may be allowed in the discretion of the Probate Court.

We are of the opinion that these two sections, which must be █ construed together, have no reference to the character of the claim now asserted by Cora R. Schwab and that therefore this defense is not available to the parties asserting it. See **Beach v Mizner, 131 Oh St 481.**

If the parties have lost their rights through inadvertence but can effectively correct the record so as to show res judicata, the matter may be differently determined. But, so far as it now appears, we are of the opinion that so

far as the record discloses Judge Snediker's opinion did not become a judgment of the Court. For lack of an entry, we cannot hold that his opinion is res judicata. If it is not res judicata we are of the opinion that the judgment of the Court below from which the instant appeal was taken should not be reversed for the reasons heretofore stated.

Judgment affirmed and cause remanded.

HORNBECK, PJ and BARNES, J, concur.

### APPLICATION FOR REHEARING

Decided April 5, 1939

BY THE COURT:

Application for rehearing by Cora R. Schwab, appellant. The brief of counsel for appellant is largely devoted to his assertion that secondary evidence may be received to establish the existence of the orders of the court, which are lacking, as determined in the court's former opinion.

Whatever may be the rule as to the establishment of a fact by secondary evidence, it certainly can not establish either the existence or content of the judgment of the court. The court speaks through its entries and what those entries are must be established, not by secondary evidence, but by the record of the court.

It is possibly true that under certain conditions such, for instance, as the destruction of the court records, or even their loss that secondary evidence might be available to prove their existence and their content.

This, however, is not the situation in this case. The appellant has not shown that the opinion of Judge Snediker ever ripened into any judgment of the Court of Common Pleas or Probate Court and we can not be left to guess that the court took the appropriate final action or in what form he entered his judgment.

Counsel for appellant seeks to avoid the consequence of the lack, in the record, of the judgment of the probate court by referring to §11211, GC in force at the time Judge Snediker's opinion was rendered but repealed, effective as of January 1, 1932. The decision of the court of common pleas was rendered in December, 1930, and therefore the repealed statute would control its effect. This repealed statute provides,

"Upon the decision of a cause, appealed to the court of common pleas, the clerk shall make out an authenticated transcript of the order, judgment and proceedings of such court therein and file it with the probate judge who shall record it and the proceedings thereafter be the same as if such order, judgment and proceedings had been had in the probate court."

It is quite possible that, under proper conditions, this statute would apply so that there would be no need of exhibiting the judgment of the probate court, based upon the decision of the court of common pleas, in as much as the judgment of the court of common pleas might automatically become the judgment of the probate court upon being properly certified.

The difficulty, however, is that the statute provides that the clerk shall make out an authenticated transcript of the order, judgment and proceedings and the proceedings thereafter shall be the same as if such order, judgment and proceedings had been had in the probate court. In this case there is no record of the order or judgment of the common pleas court, simply an opinion of the judge filed in the probate court. We therefore are of the opinion that the repealed section does not supply the lack which has heretofore been pointed out.

Application for rehearing denied.

HORNBECK, PJ, GEIGER and BARNES, JJ, concur.