We, therefore, find that the relator Davis has not proven a case for judicial intervention.

Entries may be presented in accordance with this opinion.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.

Addison, Isaly & Addison, Columbus, for appellee and for the motion.

C. Eugene Smith, Columbus, for appellant and contra the motion.

**McKEE, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3140. Decided June 10, 1940.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on plaintiff-appellee's motion to strike the bill of exceptions from the files for the claimed reason that same was not allowed and filed in the manner and within the time prescribed by law.

This cause was before our court at an earlier date on appellee's motion to dismiss the appeal for the reason that the notice stated that the appeal was on questions of law and fact and no bond had been given in the trial court.

On March 8, 1940, we released opinion determining that the appeal could not be heard on questions of law and fact, for the reason that appellants had failed to give an appeal bond. We further determined that while the appeal could not be retried upon the facts,

that the cause should stand for hearing as an appeal on questions of law and fixed the time for preparation of a bill of exceptions as thirty days from the entry journalizing the opinion. In closing, we admonished counsel for appellant to see that all further requisites of procedure were observed.

On April 10, 1940, entry was filed and journalized. The pertinent portion of the journal entry reads as follows:

"and the court upon due consideration overrules said motion to dismiss and finds that this appeal may not be tried on the facts, but should stand for hearing as an appeal on questions of law, and appellant is given thirty (30) days within which to file his bill of exceptions."

It is important to observe that a period of more than thirty days elapsed between the release of our written opinion and the journalizing of the entry. Of course, courts speak through their journals. The opinion was nothing more than the basis for the journal entry. Strictly speaking, it would not be a paper in the case.

It now develops that there appears in the files what purports to be a bill of exceptions, but the file marks and certificate of the trial court all antedate the entry journalized on April 10, 1940, as before stated.

The front cover page of what purports to be the bill of exceptions has stamped thereon five different filing stamps, none of which are subsequent to April 10, 1940, when our court, by journal entry, authorized the preparing and filing of bill of exceptions within thirty days thereafter. These five stamps bear the following legends; and two are very indistinct except as to date. Both of these bear date of September 6, 1939. With some effort we can decipher that both would probably read, "Filed September 26, 1939, C. B. McClelland, Probate Judge."

Next in order of date is the following: "February 10, 1940, filed in Court of Appeals. J. Arthur Yoder, Clerk. W. L. McNamara, Chief Deputy."

The next in order of date is as follows: "Filed March 21, 1940, C. B. McClelland, Probate Judge."

The next and last: "Filed in Court of Appeals, April 3, 1940. J. Arthur Yoder, Clerk. W. L. McNamara, Chief Deputy."

The trial court's certificate is dated April 2, 1940.

The final entry determining the cause in the Probate Court was journalized December 15, 1939. The notice of appeal was filed December 22, 1939.

Notwithstanding appellant's failure to perfect his appeal on questions of law and fact by giving an appeal bond, he could have sought and obtained leave to amend his notice so as to present it as an appeal on law. Furthermore, he could have anticipated a determination by our court that since he had failed to give bond that the cause could only proceed as an appeal on questions of law.

In the interest of protecting his appeal he could also have filed a bill of exceptions within forty days from the final judgment dated December 15, 1939. The time within which bills of exceptions are to be filed is prescribed under §11564 GC. The pertinent portion of this section reads:

"must reduce his objections to writing and file them in the cause not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court when the motion for new trial is not filed."

The time to file a bill of exceptions under the above-quoted portion of §11564 GC, would expire on January 24, 1940. The above provisions for filing date refer to the filing with the trial court. The time for filing in a reviewing court is a later date prescribed under another section of the Code and the rule of the court.

The bill of exceptions was not filed in the trial court on or before January 24, 1940, and hence it cannot be determined that appellant complied with the provisions of the Code in filing his bill of exceptions in the trial court.

At this time we should make some reference to the file marks dated Sep-

tember 25, 1939, heretofore referred to. These dates precede the final adjudication, on which the notice of appeal was given. The pretended bill shows no certificate of the trial court at or near the date in September.

No legal significance can attach to the notation of filing in September.

Sec. 11564 GC, as amended at the time of the adoption of the new appellate procedure, contains an additional provision relative to the filing of bill of exceptions. It reads as follows:

"Provided, whenever an appeal is taken on a question of law and fact and the court of appeals determines that. the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the court of appeals shall fix the time, not to exceed thirty (30) days, for the preparation and settlement of a bill of exceptions."

This is exactly what our court did in passing on the first motion to dismiss.

On February 10, 1940, appellant filed his purported bill of exceptions in the Court of Appeals, as is evidenced by the file mark on the front cover page. This filing was unauthorized since the same had not properly been filed and allowed in the trial court.

Following our written opinion, under date of March 8, 1940, overruling appellee's motion to dismiss, but before the entry was journalized authorizing the allowance and filing of the bill of exceptions within a period of thirty days, counsel for appellee, on March 21, 1940, filed bill of exceptions with the Probate Court, and thereafter, following the usual procedural requirements. the same was allowed by the acting Probate Judge on April 2, 1940, and was then filed with the Clerk of the Court of Appeals on April 3.

Apparently, counsel for appellant was predicating his procedure on the written opinion of the Appellate Court. In this he was again in error; he should have waited until after the court's order was exemplified by duly filed and approved journal entry.

As heretofore stated, no legal significance could be attached to the written opinion of the Appellate Court. It was nothing more than the basis for the judgment entry. The forty day period having elapsed for the preparation, allowance and filing of a bill of exceptions, same could not be allowed except as authorized by the Appellate Court. This allowance was made on April 10, 1940, and not before. Any attempted action taken before that date was without authority and of no effect.

It conclusively appearing that no bill of exceptions was presented and allowed subsequent to April 10, 1940, and the thirty days having expired, we have no alternative except to strike the bill of exceptions from the files.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.