DeSARRO, D. B. A. HY-HAT TAVERN, APPELLEE, *v.* BOARD OF LIQUOR CONTROL ET AL., APPELLANTS.

(No. 6969—Decided June 26, 1962.)

*Mr. Paul F. Ward,* for appellee.

*Mr. Mark McElroy,* attorney general, *Mr. Michael Kouskouris* and *Mr. William J. Davis,* for appellants.

DUFFEY, P. J.   This is an appeal from a decision of the Common Pleas Court of Franklin County reversing a decision of the Board of Liquor Control.   The board had found the appellee guilty of a violation of the Liquor Control Act.

It is undisputed that the enforcement agents did not comply with the provisions of paragraph A of Regulation 61 of the Board of Liquor Control.   It is the board's position that, by reason of paragraph B of Regulation 61, such compliance was unnecessary.   Regulation 61 provides:

"A. If an investigator of the enforcement division of the department witnesses a violation of a provision of the Liquor Control Act or a regulation of the board, the investigator shall upon completion of his investigation identify himself by presentation of his credentials to the permit holder or such permit holder's agent or employee, and notify the permit holder or his agent or employee of the violation in writing on the forms prescribed and provided by the department and approved by the board.   The original notice to be left with the permit holder or his agent or employee and copies of such notice shall be forwarded within 48 hours to the central enforcement office, the district enforcement office, and one copy retained by the investigator making such report.

"B. The provisions of Section 'A' herein shall not be ap-

plicable to investigations conducted at the express order of the director."

The Director of the Department of Liquor Control had issued an order reading as follows:

"May 6, 1960

"R. C. Crouch, Director

"Ivan W. Smith, Enforcement Chief

"Regulation 61-B

"I hereby direct and make express order that you and such agents as are in your command proceed pursuant to this order under this direction beginning Friday, May 6, 1960 until Monday, May 9, 1960, to make investigations in the Canton district concerning after hours sales, after hour consumption, Sunday sales and gambling in the following locations and other offenses of that nature in the general area:

"Fab's Cafe

"Jewetts Hollow Road

"Steubenville, Ohio

"Hy-Hat Tavern

"167 North Fourth Street

"Steubenville, Ohio

"Venetian Restaurant

"124 North Sixth Street

"Steubenville, Ohio

"Bull's Bar

"South Third Street

"Steubenville, Ohio

"Neil House

"108 South Third

"Steubenville, Ohio

"Diamond Cafe

"North Fourth Street

"Steubenville, Ohio

"Two Pine Inn

"Route 22

"Cadiz, Ohio

"I further direct that you will report back to me the results of your investigations pursuant to this order, within two weeks.

"I further direct that in your report to me as required by paragraph 2 herein, you furnish a list of (a) the permit premises which you and/or the agents under your command have

visited and subparagraph (b) a list of violations at said premises which you and/or your agents may discover in the course of your investigation pursuant to this order.

"R. C. *Crouch*
"R. C. Crouch
"Director"

The lower court held that the order of the director was, in effect, not an "express" order but rather a blanket charge to his investigators made in order to avoid compliance with paragraph A Regulation 61. In its entry, the court held that there was an abuse of discretion and a violation of paragraph A of Regulation 61. It was also held that the order of the board was not substained by substantial, probative and reliable evidence.

The order specifies a particular district, specific permit premises and the specific violations to be investigated. In our opinion, it was sufficiently express to fall within the provisions of paragraph B of Regulation 61. The fact that in the last portion of the first paragraph the order also included a direction for investigation in the general area, does not, in our opinion, take the order outside of the provisions of paragraph B of Regulation 61. Accordingly, the court was in error in its interpretation and application of the regulations.

With respect to the provision in the journal entry as to the sufficiency of the evidence, it does not appear that the court found that the evidence of violation was insufficient. Rather, it appears that that finding was also based upon the supposed necessity to comply with paragraph A of Regulation 61. The department's evidence consisted of the stipulated testimony of two enforcement officers, the department's chief chemist, and the order of the director. The permit holder's evidence consisted merely of stipulated testimony of the permit holder herself, denying that any sales were made on Sunday. The relative interest of these witnesses in the controversy is apparent. The board was entitled to choose to reject the bare denial of the permit holder and accept the testimony of its officers under these circumstances. Upon examinaton of the record, it is our opinion that the order of the board is supported by substantial, probative and reliable evidence.

Accordingly, the order of the Common Pleas Court is re-

versed and the case is remanded to that court for further proceedings according to law.

*Judgment reversed.*

Bryant, J., concurs.

Duffy, J., dissenting. I dissent because I fail to see, under the circumstances, how the evidence could be considered reliable or substantial.

The evidence was presented to the board by stipulation, a part of which was to the effect that whiskey was sold on the premises of the permit holder on Sunday, and a part of the stipulation was to the effect that there were no sales on Sunday. The trier of the facts had no way of testing the credibility of the witnesses, since all of the evidence was by stipulation.

It is also noted that the drinks which were consumed on the premises were described as "Seagram's 7-Crown with 7-Up Chasers," but that the drinks which were ordered and placed in the mouths of the agents, to be spit into a three-ounce specimen bottle in the restroom, were "Seagram's 7-Crown Whiskey."

The stipulation does indicate that exhibit "A," which was not admitted into evidence, contained an alcoholic percentage by volume of 37.83 and had the organoleptic properties of whiskey, and exhibit "B" had an alcoholic percentage of 14.19, but these exhibits, in addition to not being offered into evidence, were never identified with the permit holder's premises.

Surely, this is not such evidence as would call for a reversal of the Common Pleas Court which found that the order of the board was not sustained by substantial, reliable and probative evidence.