ZARACHOWICZ, D. B. A. FAB'S CAFE, APPELLEE, *v.* BOARD OF LIQUOR CONTROL ET AL., APPELLANTS.*

(No. 7175—Decided June 11, 1963.)

*Mr. Paul F. Ward* and *Mr. William P. Meehan,* for appellee.
*Mr. William B. Saxbe,* attorney general, and *Mr. Duane Lantz,* for appellants.

TROOP, J. This appeal is from a judgment of the Court of Common Pleas of Franklin County reversing a decision of the Board of Liquor Control suspending temporarily the permit of Frank Zarachowicz, d. b. a. Fab's Cafe. The appeal is by the board on a question of law.

The record shows, and the brief of the appellant empha-

---

*For other litigation in this case, see 117 Ohio App., 173.

sizes, an order issued by the Director of the Liquor Department to the enforcement chief under date of May 6, 1960, requiring an investigation in the Canton district "concerning after hour sales, after hour consumption, Sunday sales and gambling," specifically naming five establishments including the appellee, Fab's Cafe, as subjects of investigation. Enforcement officers were directed to work beginning Friday, May 6, 1960, until Monday, May 9, 1960.

Fab's Cafe was visited by two officers of the enforcement division, pursuant to the order issued by the director, on each of three days, May 6th, 7th, and 8th, 1960, between the hours of 2:30 a. m., e. s. t., and 5:30 a. m., e. s. t., at which times the officers ordered and were served whiskey. A citation notice was issued and served May 9, 1960, by a supervisor who had not been present at the time of the investigation.

At the hearing before the board all the facts for both sides were stipulated by counsel for the department and for the permit holder. Nobody appeared in person to offer any testimony whatever. The stipulations for the department, intended to establish the sales after hours and on Sunday, were flatly denied by the stipulations for the permittee contending that there were no sales made after hours or on Sunday and that no consumption took place on the premises.

An appeal from the decision of the board was taken to the Common Pleas Court of Franklin County. The journal entry, filed August 23, 1962, containing the finding of the court appears in the record and reads as follows:

"This cause came on to be heard on the transcript of testimony before the Board of Liquor Control, briefs of appellant and appellee, and oral argument of counsel.

"The court being fully advised in the premises, finds that the decision of the Board of Liquor Control is not sustained by substantial, probative and reliable evidence and is not in accordance with law.

"It is therefore, ordered, adjudged and decreed that the decision of the Board of Liquor Control be and hereby is reversed."

Appellant's first assignment of error is directed to this judgment of the court. The contention is that the court found that the investigation ordered on May 6, 1960, must comply with

Regulation 61 A of the Board of Liquor Control, and in such a finding the court was in error. Appellant urges that the provisions of Regulation 61 B alone are controlling in the case of a direct order.

The route by which appellant arrives at the conclusion that the trial court found that Regulation 61 A must be respected in connection with 61 B is rather circuitous. It begins with an oral pronouncement of the court by way of decision in the cause. That portion of the record in the trial is transcribed and inserted in this record. The part of the court's oral decision which gives rise to the argument made by counsel for appellant reads as follows:

"* * * and by agreement of counsel, that the facts in the within case are substantially the same as that in case No. 211,511, the court re-adopts herein its opinion in that case and holds that the decision of the board is not substantial evidence, and is not in accordance with law and reverses the same."

By relating the journal entry of judgment in this case to the oral decision of the trial court announced before the entry was drawn, presented, and filed, counsel for the board seeks to establish the right of the board to appeal as provided in Section 119.12, Revised Code. The basis of an appeal by an agency is "on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency" as set out in the statute.

Particularly in the instant case, if the journal entry filed August 23, 1962, is dispositive and controlling as a judgment finding that the decision of the board was "not sustained by substantial, probative and reliable evidence," then the *agency*, the board, has no basis of an appeal, since only a fact question could be before this court. If, however, the entry needs interpretation because of the presence of the added clause inserted in the entry—"and is not in accordance with law"—then, says the Attorney General, resort must be to the oral decision of the trial court, and there is the recital of similarity to case No. 211,511, tried by the same court. Also in the oral decision is the statement by the trial court that he "re-adopts herein its opinion" in the parallel case.

Only from briefs and oral argument can this court discover that an interpretation of Regulations 61 A and 61 B of the board

had anything to do with the decision of the trial court. Nothing more is contained in the record alluding to the regulations than has been pointed out. A considerable amount of text material and a number of court decisions bear upon the question presented in the instant case.

31 Ohio Jurisprudence (2d), 506, Section 12, reads as follows:

"A finding of the court is different in fact and in form from a judgment of the court; the former precedes the formal judgment, although there may be circumstances under which that which is in form a finding by the court may be regarded as a judgment in substance. Ofttimes, the court makes a finding coupled with a judgment."

And at page 507, Section 13 reads as follows:

"The judgment of the court is, of course, to be distinguished from the opinion, or reasons or grounds for the judgment. An opinion does not constitute a judgment and forms no part of the record."

Reference is also made to 31 Ohio Jurisprudence (2d), 720, Section 262.

The case to which reference is made in the texts and in many court decisions is *Will* v. *McCoy* (1939), 135 Ohio St., 241. Paragraphs one and two of the syllabus are in point. They read as follows:

"1. A court speaks through its journal.

"2. When a court's opinion and journal are in conflict, the latter controls and the former must be disregarded."

A case, some later in time, *State, ex rel. Industrial Commission,* v. *Day, Judge* (1940), 136 Ohio St., 477, follows the same rule which is set out in paragraph one of the syllabus. In paragraph two of the syllabus is the language, as follows:

"The requirements of this rule are not met by a mere written minute or an oral pronouncement by a court or judge without the preparation and filing of a journal entry."

Those cases have been followed consistently. In later decisions the basic rule has been amplified and pointed up, as in *White* v. *Schwab, Admx.* (1939), 29 Ohio Law Abs., 229. At page 234 the court says:

"A court speaks through its entries and not through an

opinion. To be the action of the court an opinion must ripen into a judgment, properly entered."

In *In re Estate of McKee* (1940), 32 Ohio Law Abs., 353, the basic rule is reiterated and the court's language at page 354 is as follows:

"* * * The opinion was nothing more than the basis for the journal entry. Strictly speaking, it would not be a paper in the case."

Attention is called to *Shipping Room Suppliers, Inc.,* v. *Schoenlaub* (1952), 157 Ohio St., 498, in which the Supreme Court again announced the basic rule and approved the *Day case, supra.* Also, in *Schenley* v. *Kauth* (1953), 160 Ohio St., 109, the court follows the *Day case, supra,* and essentially the same language appears in paragraph one of the syllabus as is used in paragraph two of the syllabus of that case.

The decision in the case of *In re Estate of Gardner* (1959), 112 Ohio App., 462, is replete with citations of authority bearing upon our problem, and the pronouncement of the court at page 465 is particularly in point. It reads as follows:

"* * * but the opinion of the trial court is not under review. It is the judgment of that court and not its opinion that is the subject of review. A reviewing court can not consider the opinion of the lower court to supply an omission in the record, for the reason the court's opinion forms no part of the record. * * *."

In view of the foregoing authorities, we are confronted with an inevitable conclusion. The journal entry in the record does not embody a judgment based upon a finding of the court that Regulation 61 A is applicable in the situations covered in Regulation 61 B. The opinion in the record of the instant case does not say so even if we could take cognizance of it. And if the opinion in the papers in the case is not to be considered, how then can this court by any stretch of logical exercise pay any attention to an opinion not included in the papers or record before us.

There is, therefore, no question of law before this court. If the entry in question does not embody an accurate finding of the trial court, that matter should have been resolved before the case reached this court or at least the foundation for the ap-

peal included in the papers by way of a requested or proposed form of entry. If there is any need for interpretation of the controlling entry, it could only be in regard to the words ''and is not in accordance with law.'' The words used are convenient. A reasonable interpretation suggests that the court found that the de'cision of the liquor board ''is not sustained by substantial, probative and reliable evidence and is not'' therefore ''in accordance with law.''

In any event, this court has already expressed an opinion as to the application of Regulation 61 B in the case of *DeSarro, d. b. a. Hy-Hat Tavern,* v. *Board of Liquor Control,* 116 Ohio App., 275, and it would be unnecessary to duplicate it here.

In an opinion deciding the motion to dismiss this appeal, this court reiterated its view of Regulation 61 B. (See 117 Ohio App., 173.) The court did, however, overrule the motion to dismiss stating that it believed that a question of law was present. The conclusion herein is contra to the decision on the motion, but it should be said that permitting the appeal gave opportunity for completer scrutiny of the record and examination of the authorities. Since the appeal was allowed, complete examination of the record was possible.

This branch of the court feels that the dissenting opinion in the *Hy-Hat Tavern case* was correct in pointing out the frailties of stipulated evidence such as we have in these cases, but the majority in the *Hy-Hat Tavern case* approved the board's decision, and so we must here, although on the sole ground that no question of law was before the court below, and the board was, therefore, without ground for appeal.

The appeal is dismissed and the judgment of the trial court sustained at appellant's costs.

*Appeal dismissed.*

DUFFY, P. J., and DUFFEY, J., concur.