Zimmerman, J.
 

 As we view it, the real question in this case is: Where a city ordinance gives a pedestrian the right of way at a street crossing, is he thereby absolved from the duty of exercising ordinary care for his own safety?
 

 This court has never passed directly on the question, but courts of last resort in other jurisdictions have had the precise matter before them and have generally reached the conclusion that a pedestrian given the right of way by city ordinance or statute at a street crossing is not thereby relieved from the common law duty to exercise ordinary care for his own protection.
 

 Thus, in
 
 Rolfs
 
 v.
 
 Mullins,
 
 179 Iowa, 1223, 1229, 162 N. W., 783, 785, the court says:
 

 “Appellant appears to rely somewhat on a portion of Section 3 of a city ordinance, which reads: ‘Pedes
 
 *13
 
 trians are hereby given the right of way over crossings at street intersections.’
 

 “But this in no wise impairs the duty of pedestrians to exercise ordinary care to avoid collisions with vehicles. It means no more than ‘that, when two or more persons moving in different directions approach a crossing at the same time, or in such manner that, if both or all continue their respective courses, there is danger of collision, then the one having the preference is entitled to the first use of such crossing, and it is the duty of others to give him reasonable opportunity to do so.’
 
 (Switzer
 
 v.
 
 Baker,
 
 178 Iowa, 1063.)
 

 “The instructions were in accord with what was said in that case, and, of course, inconsistent with the notion that one may cross the street oblivious of surroundings. Conditions were such that the jury might have found that, had the decedent looked to the west, she saw the approaching automobile, or that she did not look, and, in either event that she was at fault, — that is, such conclusion was open to the jury.”
 

 Again, in
 
 Bora
 
 v.
 
 Yellow Cab Co.,
 
 103 N. J. Law, 377, 380, 135 A., 889, 890, it is remarked.
 

 “Of course, a pedestrian at a street crossing who happens to have, under the Traffic act in the circumstances, the right of way over an automobile approaching such crossing at the same time, is not relieved of the legal duty to use reasonable care to avoid colliding with such automobile should its driver disregard such right of way * *
 

 And this case holds that whether such pedestrian exercised the reasonable care required of him is a question for the jury under the particular circumstances of the case.
 

 See, also, 1 Berry on Automobiles (6 Ed.), 318, Section 357; 5-6, Huddy, Cyclopedia of Automobile Law (9 Ed.), 144, Section 83; Babbitt Motor Vehicle Law (4 Ed.), 1299, Section 1799;
 
 Olsen
 
 v.
 
 Peerless Laundry,
 
 111 Wash., 660, 191 P., 756;
 
 McDonald
 
 v.
 
 Wick-
 
 
 *14
 

 strand,
 
 206 Wis., 58, 238 N. W., 820;
 
 Lieberman
 
 v.
 
 McLaughlin,
 
 233 Ky., 763, 26 S. W. (2d), 753;
 
 Sawyer
 
 v.
 
 Blankenship,
 
 160 Va., 651, 169 S. E., 551;
 
 Brown
 
 v.
 
 Patterson, Admx.,
 
 141 Md., 293, 118 A., 653.
 

 While under the city ordinance in question plaintiff undoubtedly had the preference at the crossing, his right was not absolute; and, giving such preference due consideration, the question of whether he was guilty of negligence directly contributing to the injuries received was a proper matter for the determination of the jury under the conflicting evidence in the case.
 

 That the issue of contributory negligence was developed by the evidence was apparently conceded by plaintiff when he requested a special charge on that very subject, which was given.
 

 Since contributory negligence became a factor in the case, the special interrogatories submitted were within the purview of Section 11420-17, General Code, the answers to them tending to establish an ultimate or determinative fact, and being consistent with the general verdict for defendant.
 

 The decision in this case is not intended in any way to disturb our holding in
 
 Morris
 
 v.
 
 Bloomgren,
 
 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R, 831. We think the cases are distinguishable. The decision in
 
 Morris
 
 v.
 
 Bloomgren
 
 was based wholly on the effect to be given Sections 6310-28 and 6310-28c&, General Code, taken together, and it was there held, as stated in the first paragraph of the syllabus:
 

 “Construed together these sections confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed
 
 in a lawful
 
 mannerHere we are dealing with an isolated city ordinance, which parries the implication of preferential but not of absolute right.
 

 It is our opinion that the trial court properly sub
 
 *15
 
 mitted the questions of ordinary care and contributory negligence to the jury, which found against plaintiff on conflicting evidence.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Wilkin, JJ., concur.