Matthias, J.
 

 The primary question presented by the record in this case involves the relative rights of a pedestrian and automobile at a street intersection where traffic is controlled by the usual automatic signal with alternating green and red lights.
 

 The only action of the trial court which the Court of Appeals found constituted error prejudicial to the plaintiff in the trial court and the only ground upon which that court based its judgment of reversal consisted of failure to instruct the jury in the general charge upon a proposition of law suggested by a special request of the plaintiff to charge before argument. That court held that, though such requested instruction was not so phrased as to require its submission as requested, it was sufficient to so challenge the attention of the court to an essential proposition not covered in the general charge as to make it obligatory upon the court to give the jury an instruction more definitely explaining the relative rights of a pedestrian and a driver of a motor vehicle at an intersection where the record discloses that the pedestrian entered the intersection upon the crosswalk indicated by marked lines with the green light in the pedestrian’s favor which changed from green to red when the pedestrian reached the middle of the intersection, and consequently green in favor of the driver of the motor vehicle while such vehicle was at the required position waiting for the green traffic light signal authorizing its forward movement.
 

 The instructions given to the jury by the trial court in' the respect now under .consideration were in general terms and included substantially, if not exactly, the language of the first and second paragraphs of the syllabus of the opinion in the case of
 
 Cleveland
 
 Ry.
 
 *140
 

 Co.
 
 v.
 
 Goldman,
 
 122 Ohio St., 73, 170 N. E., 641. The instruction given is as follows:
 

 “If you find by a preponderance of the evidence that either the defendant or the plaintiff failed to obey the automatic traffic signal by going against the red light, that would be negligence
 
 per se
 
 or as a matter of law upon the part of the parties so doing.
 

 “However, when the go signal changes before a person entering the intersection with such signal has an opportunity to emerge from such intersection, and a person from a cross stre'et has entered such intersection with the go signal in his favor, neither is wrongfully there, and their rights are equal, subject to the qualification that for his own safety and the safety of the others each must regulate his conduct with reference to his own and such other person’s ability or lack of ability to stop or deviate from his course. It is not negligence for a person entering a street intersection with the go traffic signal to rely upon all persons from a cross street who are not at the time in the intersection observing the stop signal as long as it is against them.”
 

 The facts involved in the
 
 Goldman case, supra,
 
 are not far different from the facts presented by this record. It is true that in that case the street car involved had to cross the intersecting street before reaching the crosswalk upon which the pedestrian was travelling, while in this case the automobile was just entering the intersection over the crosswalk upon which plaintiff was travelling. There seems to be agreement that defendant’s automobile had passed over the line marking the outer boundary of the crosswalk and therefore was in the intersection when the left front wheel ran upon plaintiff’s foot.
 

 It is not seriously contended that the charge given did not constitute a correct instruction to the jury, but that the party was entitled to a more specific instruction indicating the rule to be applied to determine the
 
 *141
 
 relative rights and duties of the parties under the specific facts presented by the record in the case which was being submitted to the jury for its consideration and determination.
 

 As disclosed by the record, the plaintiff entered the intersection upon invitation of the green traffic light which was then in her favor. When the plaintiff reached the center of the street, the traffic light changed to green in favor of the driver whose automobile was standing awaiting the signal to proceed, and to which he responded. What were the relative rights of the parties under those conditions?
 

 The pedestrian had been beckoned upon the crosswalk and to the middle of the intersection by the green light, and then the light changed and beckoned the automobile driver standing awaiting the change of the traffic light to proceed over the crosswalk and through the street intersection. The driver had the right to follow the direction of the automatic signal just as he would the signal of a traffic officer under the same circumstances. On the other hand, the pedestrian, having properly entered the intersection, had a right to continue over the crosswalk to the opposite curb. The great weight of authority is to the effect, however, that neither had an absolute right, but only a qualified right, and that when such a condition arises each is required to exercise ordinary care — in this instance, the one to avoid causing and the other to avoid suffering injury that might result from the absence of such care upon the part of either.
 

 Whether there was a failure to exercise ordinary care upon the part of either became a question for the jury under proper instruction. Counsel for defendant set out in their brief what purports to be a quotation from an Akron ordinance, but the record discloses no ordinance pleaded or offered in evidence. However, the statute, Section 6310-35, General Code, requires that “pedestrians and drivers of vehicles * * * shall
 
 *142
 
 obey all automatic traffic signals.” It cannot, therefore, be said that as a matter of law a driver is forbidden to enter an intersection when so directed by a green traffic signal any more than it can be said that the pedestrian was required as a matter of law to immediately stop upon such change of the traffic light while she was in the center of the street and await the return of the green light before continuing to cross the intersection. Though authorized to move his automobile forward by the signal, the driver was not thereby relieved from the obligation to exercise ordinary care to avoid injury to others, just as the pedestrian, under the circumstances, was required to exercise ordinary care and prudence for her own safety in proceeding on her way over the intersection to the opposite curb.
 

 It must be borne in mind that the statement of a rule governing the relative rights of pedestrians and vehicles at intersections cannot be limited to the precise situation presented by the record in this case. It must apply, also, to a situation where, for instance, the pedestrian has advanced only a few steps into the intersection with the green or “go” light when the automatic signal changed so that the traffic on the intersection street had the green or “go” light in its favor.
 

 It was the view of the Court of Appeals that the trial court should have instructed the jury that, in a situation such as presented by the facts in this case, “it is the duty of drivers of vehicles on the pedestrian’s right and not in the intersection, to wait and permit the pedestrian in the exercise of ordinary care to finish his crossing of the street. ’ ’ Such instruction would make it the absolute duty of the defendant not to advance his automobile until the plaintiff had completed crossing the street, and any violation of that duty would in and of itself constitute negligence while, under the instructions given by the trial court, the measure of duty of each of the parties was the exercise
 
 *143
 
 of ordinary care which, was correctly and concisely defined. If more specific instructions were deemed essential, it was not indicated by counsel when opportunity was afforded by the court’s inquiry at the close of the general charge. Under the undisputed facts in this case, the specific instructions prescribed by the Court of Appeals would have left to the jury only the question of proximate cause of the injury.
 

 Let it again be observed that we are not dealing with a situation governed by a regulatory ordinance. The case of
 
 Horwitz
 
 v.
 
 Eurove,
 
 129 Ohio St., 8, 193 N. E., 644, 96 A. L. R., 782, involved the provisions of an ordinance of the city of Cincinnati respecting the relative rights of pedestrians and vehicles at street crossings pleaded and introduced in evidence. This ordinance provided that the “right of way upon street crossings * * * shall, in all cases, be given to pedestrians by all vehicles of every kind.” It was held in the syllabus, however, that such provision creates a preferential but not an absolute right in favor of the pedestrian who, as there stated, “is still under the legal duty to exercise ordinary care for his own safety.” There was no traffic signal at the crossing in that case.
 

 It could not, of course, be contended that any greater relative right than stated in that case is possessed by the pedestrian in the absence of an ordinance on the subject. We have seen that in every instance the pedestrian as well as the driver of a vehicle is required to exercise ordinary care to avoid a collision and resulting injury. It is only by reason of the extreme language used by the statute under consideration in the case of
 
 Morris
 
 v.
 
 Bloomgren,
 
 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, that it was held that an absolute and unequivocal right of way was possessed by a vehicle approaching a crossing from the right, qualified only by the requirement that, in pro
 
 *144
 
 ceeding uninterruptedly, it must proceed in a lawful manner. That statute has no application here.
 

 It is quite generally held that, where both the plaintiff and the defendant are proceeding in accordance with the invitation of the traffic device, the right of neither is absolute. Each is bound to exercise that care which persons of ordinary prudence would have used under like circumstances. It is, of course, the duty of a driver of a motor vehicle under such circumstances to exercise reasonable care and diligence to anticipate the presence of pedestrians and to have his automobile under such control as to avoid causing injury. A signal by automatic light or traffic policeman to proceed does not absolve a driver from the duty to exercise ordinary care for the safety of pedestrians at a known street crossing. The duty to exercise care and caution as to those in the intersection is, of course, paramount, and such care and caution must be commensurate with the existing danger of collision and consequent injury. 42 Corpus Juris, 971, Section 700;
 
 Goodall
 
 v.
 
 Hess,
 
 315 Pa., 289, 172 A., 693;
 
 Blackstead
 
 v.
 
 Kent,
 
 63 N. D., 246, 247 N. W., 607;
 
 Lieberman
 
 v.
 
 McLaughlin,
 
 233 Ky., 763, 26 S. W. (2d), 753;
 
 Smarinsky
 
 v.
 
 Markowitz,
 
 265 Mich., 412, 251 N. W., 539;
 
 Margeson
 
 v.
 
 Town Taxi, Inc.,
 
 266 Mass., 192, 165 N. E., 20.
 

 However, as we have seen, in the absence of statute or ordinance so prescribing, there is not an absolute duty devolving upon a driver of an automobile, upon receiving the green or “go” signal of a traffic light, to wait until one on the crosswalk is entirely out of the intersection before he may move into it. It would have been error to so instruct the jury. That would have been equivalent to a charge of negligence by the defendant as a matter of law. There was no error prejudicial to the rights of the plaintiff in the general charge as given in the trial of this case.
 

 
 *145
 
 It therefore follows that the judgment of the Court of Appeals should he reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.