Weygandt, C. J.
 

 As a preliminary matter it should be observed that the opinion and the journal of the Court of Appeals are not in agreement. According to the journal the judgment of the trial court was reversed upon the single ground of error in the
 
 charge;
 
 but the majority opinion includes the additional statement that the verdict is against the weight of the evidence. It is of course elemental that a court speaks through its journal. Consequently, when a court’s opinion and journal are in conflict, the latter controls and the former must be disregarded. Furthermore, in the instant case only two members of the Court of Appeals concurred in the judgment of reversal. Under the provisions of Section 6 of Article IY of the Constitution of Ohio “no judgment of a Court of Common Pleas # * *' shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence * #
 

 The plaintiff’s chief complaint is based upon the following language which she quotes from the trial court’s charge to the jury:
 

 “ * * * and it still leaves a duty on a pedestrian to exercise ordinary care for her safety, and that duty would require a pedestrian to use reasonably her sight and hearing for her own safety.
 

 “* * # ££ was the duty as I said before of the plain
 
 *243
 
 tiff to reasonably exercise her sense of sight and hearing for her own safety
 
 * *
 

 ■ In the plaintiff’s brief it is stated that “the court thus charged that the plaintiff had the duty to use her sight and hearing while crossing on a green light. This was error.” With this comment this court is wholly unable to agree. The law very properly requires that pedestrians and vehicle drivers shall at all times use their senses in a manner that is reasonable
 
 under the circumstances,
 
 and this is the rule that the trial court was explaining to the jury, as is shown by the following additional language from the charge:
 

 “So both the plaintiff in the way she passed over this crossing and the defendant in the way he operated his automobile around this corner at Fifth and Vine and over this crossing were obligated to exercise ordinary care * * *.
 

 “The plaintiff in this case is making the charge that the defendant in the operation of his automobile violated Section 74-75 of the Ordinance of the city of Cincinnati, which is as f ollows:
 

 “ ‘It shall be the duty of the operator of any vehicle to yield the right of way to a pedestrian crossing in the roadway within any crosswalk, except in cases when the operator is proceeding directly ahead with the green traffic light, and then shall proceed with care for the safety of pedestrians over the crosswalk.’
 

 “The defendant wasn’t proceeding directly, he turned to the right, and it is conceded under the circumstances, the green light coming on, that he had the right to operate his car around the corner and proceed over this crossing. In doing so, this portion of the ordinance was obligatory upon him — ‘It shall be the duty of the operator of any vehicle to yield the right of way to a pedestrian crossing the roadway within any crossing.’
 

 “Now, I have given you a special charge here in which I state what I want to repeat in this general
 
 *244
 
 charge as to the effect of that ordinance, and I wish to charge you that that doesn’t give a pedestrian an absolute right of way; it gives a pedestrian as against an automobile a preferential right of way, and it doesn’t relieve a pedestrian of the duty of observing the traffic regulations that are applicable to pedestrians, and it still leaves a duty on a pedestrian to exercise ordinary care for her safety, and that duty would require a pedestrian to. use reasonably her sight and hearing for her own safety.”
 

 While the foregoing and certain other language of the charge may be susceptible of improvement, nevertheless in substance the trial court stated a general rule of law that has been approved in numerous decisions of this court. In the recent case of
 
 Martinovich
 
 v.
 
 E. R. Jones Co., ante,
 
 137, this principle was expressed as follows in the two paragraphs of the syllabus:
 

 “1. In the absence of statute or ordinance so prescribing, there is not an absolute duty devolving upon the driver bf a motor vehicle standing at or approaching a street intersection, upon receiving the green or ‘go’ signal of a traffic light, to wait until 'one on the crosswalk is entirely out of the intersection before such driver may move into it. A charge to the jury imposing such absolute duty would be erroneous.
 

 “2. A signal by automatic light or traffic policeman to proceed does not absolve the driver of a motor vehicle from the duty to exercise ordinary care for the safety of pedestrians at a known street crossing. The care and caution to be exercised as to those in the intersection must be commensurate with the existing danger of collision and consequent injury.”
 

 In the second paragraph of the syllabus in the case of
 
 Goldberg
 
 v.
 
 Jordan,
 
 130 Ohio St., 1, 196 N. E., 775, this court said in part:
 

 “A pedestrian, who is crossing a city street at an intersection on a crosswalk and has gotten beyond the
 
 *245
 
 center of the street, must exercise ordinary care for his own safety * *
 

 Likewise, in the earlier case of
 
 Horwitz
 
 v.
 
 Eurove,
 
 129 Ohio St., 8, 193 N. E., 644, 96 A. L. R, 782, it was stated that:
 

 “A
 
 city ordinance, the applicable part of which provides ‘The right of way upon street crossings * * * shall, in all eases, be given to pedestrians by all vehicles of every kind, ’ creates a preferential bnt not an absolute right in favor of the pedestrian. Such pedestrian is still under the legal duty to exercise ordinary care for his own safety; and whether he has done so in a particular case is a jury question where the evidence is conflicting.”
 

 This principle is discussed also in the opinion in the casé of
 
 Binder
 
 v.
 
 Youngstown Municipal Ry. Co.,
 
 125 Ohio St., 193, 180 N. E., 899.
 

 There is a further reason why the Court of Appeals should have affirmed the judgment of the trial court. The record contains evidence tending to substantiate the defendant’s claim that the plaintiff was guilty of contributory negligence, and no interrogatories were submitted to the jury to determine the basis of its general verdict. Hence it is impossible to ascertain whether the jury found simply that the defendant was not negligent or whether it concluded that both the defendant and the plaintiff were negligent. The two-issue rule clearly applies and requires an affirmance of the judgment of the trial court and a reversal of the judgment of the Court of Appeals.
 
 Binder
 
 v.
 
 Youngstown Municipal Ry. Co., supra,
 
 and
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 180 N. E., 654.
 

 Judgment reversed.
 

 Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.