Stewart, J.
 

 The testimony in the trial of the instant case developed that Tuscarawas Street West in Canton runs in a generally easterly and westerly direction and Bedford avenue runs in a generally northerly and southerly direction and, from the south, makes a dead end at Tuscarawas street. The traffic at the intersection of the two streets is controlled by a red and green “stop and go” signal light maintained by the city. Bedford avenue is about 30 feet- wide and Tuscarawas street is wider and has a yellow marker as a center line. There are crosswalks marked by yellow lines across Bedford avenue and crosswalks across Tuscarawas street at the point of inter sod,ion.
 

 Since defendant died prior to the trial in the Common Pleas Court, plaintiff was disqualified from tes
 
 *86
 
 tifying concerning the occurrence of the accident and the only eyewitness to it was Fred T. Yoho. It was dark.. Yoho was driving his car north on Bedford avenue and approaching Tuscarawas street, with the red light against him. The light for Tuscarawas street traffic was green. He saw the plaintiff step off the east curb (on the south side of Tuscarawas street), look up at the light and proceed west across Bedford avenue. At the same time Yoho noticed defendant’s car, which had been headed in the same direction on Tuscarawas street as plaintiff, waiting on the south side of the yellow center line of Tuscarawas street to make a turn south on Bedford avenue. Plaintiff was in the crosswalk and was at least two-thirds of the way across Bedford avenue when defendant, finding an opening between the eastbound traffic on Tuscarawas street, turned to his left with a ‘ ‘ sort of swaying turn and his lights swayed across onto” a laundry which was on the southwest corner of Bedford avenue and Tuscarawas street. The automobile struck plaintiff and threw her quite a distance.
 

 Yoho said in reference to defendant’s car, “Well, it was in the — south of the center line, headed towards Bedford as though he was going to make a turn into Bedford. * * * [He was in a] standing position.”
 

 Yoho testified also that, after plaintiff stepped off the curb, looked up at the light and proceeded across the street, she did not look towards defendant’s car. She did not hestitate, pause or look around.
 

 At the conclusion of the evidence appellee submitted to the court a written charge on the question of contributory negligence and requested that it be given to the jury before argument, which the court properly refused because it was not a proper charge. After the general charge of the court, appellee requested the court to charge upon the question of contributory negligence, which the court refused to do for the reason,
 
 *87
 
 “I have come to the conclusion that it is not in the case.”
 

 The sole question which we must decide is whether the trial court was justified in holding as a matter of law that plaintiff was not guilty of contributory negligence or whether the evidence was such that the question of contributory negligence was one for the jury to determine.
 

 Section 6307-13, General Code, reads in part:
 

 “All other traffic facing the signal * * * may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But such traffic shall yield the right of way to vehicles, streetcars and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited. ’ ’
 

 Section 6307-45, General Code, reads in part:
 

 “ (a) It shall be the duty of the operator of any vehicle, streetcar or trackless trolley to yield the right of way to a pedestrian lawfully crossing the roadway within any crosswalk.”
 

 Section 6307-2, General Code, reads in part:
 

 “ ‘Right of way.’ The right of a vehicle, streetcar, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley or pedestrian approaching from a different direction into its or his path.”
 

 Under the foregoing enactments there is no question that plaintiff, as she walked across Bedford avenue in the crosswalk, was entitled to the right of way and it was the duty of defendant to yield the right of way to her as long as she was lawfully crossing Bedford avenue. Under such circumstances the defendant would have undoubtedly been guilty of negligence in failing or refusing to yield such right of way to plaintiff.
 

 In the case of
 
 Morris
 
 v.
 
 Bloomgren,
 
 127 Ohio St., 147,
 
 *88
 
 187 N. E., 2, 89 A. L. R., 831, in construing the sections of the traffic law which require the operator of a vehicle to yield the right of way at highway intersections to a vehicle approaching from the right, this court said that such sections confer an absolute right of way upon the vehicle approaching from the right qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner; that the phrase, “in a lawful manner,” is a
 
 sine qua non
 
 obligation placed upon the vehicle upon which the right of way is conferred; and that the driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. Judge Jones in the opinion said, “The phrase ‘in a lawful manner’ is the polestar of the traffic sections * *
 

 In the instant case, as we have said, plaintiff undoubtedly had the right of way as she proceeded across Bedford avenue and she had a right to assume that defendant knew the law and would obey it. However, in spite of plaintiff’s strong position, can we say, as a matter of law, that she was under no obligation to take any care whatsoever as to her own safety or that she was proceeding in a lawful manner, if she utterly disregarded the circumstances surrounding her as she crossed Bedford avenue and shut her eyes to the dangers of automobile traffic.
 

 In the case of
 
 Horwitz
 
 v. Eurove, 129 Ohio St., 8, 193 N. E., 644, 96 A. L. R., 782, the syllabus reads:
 

 “A city ordinance, the applicable part of which provides ‘The right of way upon street crossings * * * shall, in all cases, be given to pedestrians by all vehicles of every kind, ’ creates a preferential but not an absolute right in favor of the pedestrian. Such pedestrian is still under the legal duty to exercise ordinary care for his own safety; and whether he has done so in a particular case is a jury question where the evidence
 
 *89
 
 is conflicting.
 
 (Morris
 
 v.
 
 Bloomgren,
 
 127 Ohio St., 147, distinguished.) ’ ’
 

 In the case of
 
 Juergens
 
 v.
 
 Bell Distributing, Inc.,
 
 135 Ohio St., 335, 21 N. E. (2d), 90, the syllabus reads:
 

 “1. Where an ordinance provides that at intersections at which traffic is controlled by light signals, a pedestrian crossing or starting across a crosswalk with a green or go signal shall have the right of way over vehicles until such pedestrian has reached the opposite curb, and further provides that it shall be unlawful for the operator of any vehicle to fail to yield the right of way to such pedestrian, the driver of a motor vehicle, upon receiving a signal by such automatic traffic light to proceed, is required to exercise greater care for the safety of pedestrians on such crosswalk than he would in the absence of such an ordinance ; and the care and caution to be exercised by the driver of a motor vehicle as to pedestrians in the act of crossing such crosswalk must be commensurate with the degree of protection granted by the ordinance as well as with the existing danger of collision and consequent injury.
 

 “2. Where an ordinance gives a pedestrian, crossing or starting across a crosswalk at such an intersection on a green or go signal, the right of way over vehicles until such pedestrian has reached the opposite curb, the question of contributory negligence of such pedestrian includes consideration not only of the conduct of such pedestrian in crossing such crosswalk but also of the extent of the right of way granted by the ordinance, and where such ordinance further provides that it shall be unlawful for the operator of any vehicle to fail to yield the right of way to any such pedestrian, the latter, while not absolved from the requirement of exercising ordinary care for his own safety, does have the right, in the absence of notice or knowledge to the contrary, to expect that the operator of such motor vehicle will obey the law.”
 

 
 *90
 
 In the case of
 
 Will
 
 v.
 
 McCoy,
 
 135 Ohio St., 241, 20 N. E. (2d), 371, the fourth and fifth paragraphs of the syllabus read:
 

 “4. Pedestrians and vehicle drivers are at all times required to use their senses in a manner that is reasonable under the circumstances.
 

 “5. A city ordinance providing that ‘it shall be the duty of the operator of any vehicle to yield the right of way to a pedestrian, ’ creates a preferential but not an absolute right in favor of the pedestrian. Such pedestrian is still under the legal duty to exercise ordinary care for his own safety; and whether he has done so in a particular case is a jury question when the evidence is conflicting.
 
 (Horwitz
 
 v.
 
 Eurove,
 
 129 Ohio St., 8, approved and followed.)”
 

 Thus it is seen that this court has uniformly held that, under city ordinances • which give a pedestrian as clear a right of way and which are as binding upon those in the cities involved as are state statutes, a pedestrian, although enjoying an absolute right of way, cannot blindly disregard attending traffic perils.
 

 The safety of the public is the motivating objective in the enactment of traffic laws, and it seems to us that in interpreting such laws it would not be in the interest of the public safety to absolve anyone, as a matter of law, from using his senses in the midst of the complicated traffic situations of the present day.
 

 Plaintiff relies strongly upon the case of
 
 Focht
 
 v.
 
 Justis,
 
 81 Ohio App., 297, 77 N. E. (2d), 506, but the circumstances in that case were different from those in the instant case. The streets there involved intersected without a dead end. The vehicle had come from an opposite direction from that in which the pedestrian was approaching. It was standing and before the pedestrian had reached the center line of the intersection, the vehicle turned to its left and struck the pedestrian. There was an instructed verdict for the defendant and the Court of Appeals of the First
 
 *91
 
 Appellate District held that under such circumstances the trial court was in error in finding, as a matter of law, that there was no negligence on the part of the automobile driver or that the pedestrian was guilty of negligence contributing to her injuries, although there was no evidence that the pedestrian looked to her left as she stepped off the curb on to the street. The reasoning in the
 
 Focht case
 
 would be persuasive if the Court of Appeals in the instant case had entered a final judgment for appellee and had held plaintiff guilty of contributory negligence as a matter of law.
 

 We hold that, even though the evidence in this ease is undisputed that, after plaintiff stepped off the east curb of Tuscarawas street, looked at the green light and proceeded across, she did not thereafter look toward defendant or apparently pay any attention to traffic, she was not as a matter of law guilty of contributory negligence. In many instances a failure to look or observe so directly contributes to a resulting accident that reasonable minds could arrive at no other conclusion but that the one who failed to look or observe was guilty of negligence, but where one has a right of way under the law the situation is otherwise.
 

 As we have said plaintiff had a right to rely upon the assumption that defendant knew plaintiff had a right of way and that he would yield the right of way to her and, although she was not absolved from the duty of using her sight and senses as she proceeded across the street, reasonable minds might well differ as to whether her conduct was that of an ordinarily prudent person under the same or similar circumstances.
 

 Therefore, the court would not have been justified in finding, under the circumstances of the instant case, that plaintiff’s conduct either was or was not negligence as a matter of law.
 

 The Court of Appeals was correct in holding that the
 
 *92
 
 trial court erred in refusing to charge upon the question of contributory negligence.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Taet, JJ., concur.