Matthias, J.
The single error of which plaintiff complains is the giving of the requested charge before *523 argument. He contends that the violation of Section 6307-13, General Code, constituted negligence per se for the reason that the defendant was required by such statute to yield the right of way to the vehicle in which the plaintiff was riding. The pertinent portion of Section 6307-13, General Code, is as follows:
“Whenever traffic is controlled by traffic-control signals exhibiting the words ‘go,’ ‘caution,’ or ‘stop’ or exhibiting different colored lights- successively one at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to operators of vehicles, streetcars and trackless trolleys and pedestrians as follows:
“(a) Green alone or ‘go.’
“1. Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk.
“2. All other traffic facing the signal except as provided under Sections 35 and 56 (G. C. Sections 6307-35 and 6307-56) may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But such traffic shall yield the right of way to vehicles, streetcars and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited.
<( # * *
‘ ‘ 2. All other traffic facing the signal shall stop and shall remain standing until ‘green’ or ‘go’ is shown alone.
“(d) Red alone or ‘stop.’
“1. No pedestrians facing such signal shall enter the roadway.
‘ ‘ 2. All other traffic facing the signal shall stop before entering the intersection and shall remain standing until authorized to proceed by a traffic-control device.”
*524 This case is presented upon a partial hill of exceptions which plaintiff deemed sufficient to show the claimed error. He relies upon the right of the driver of the vehicle in which he was riding to proceed through the intersection which he had entered upon a green light although there was no evidence to show that the defendant was not also at the time of the collision proceeding through the intersection in a different direction upon a green light.
This court has many times considered the extent of such preferential rights of way. “Right of way” as that term was used in Section 6310-28 (now 6307-2), General Code, was construed by this court in the case of Morris v. Bloomgren, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831. After construing the statute as conferring an absolute right of way upon the vehicle approaching from the right qualified only by the requirement that in proceeding uninterruptedly it must proceed in a lawful manner, this court held in the syllabus that the driver of such automobile having a preferential right of way still has a duty to use ordinary care. Paragraph five of the syllabus of that case reads as follows:
‘ ‘ The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation. ’ ’
This court has also placed upon pedestrians having a preferential right of way at intersections a duty to use ordinary care for their own safety. See Cleveland *525 Ry. Co. v. Goldman, a Minor, 122 Ohio St., 73, 170 N. E., 641; Martinovich, a Minor, v. E. R. Jones Co., 135 Ohio St., 137, 19 N. E. (2d), 952; Will v. McCoy, 135 Ohio St., 241, 20 N. E. (2d), 371; Juergens v. Bell Distributing, Inc., 135 Ohio St., 335, 21 N. E. (2d), 90 and Grass v. Ake, Exr., 154 Ohio St., 84, 93 N. E. (2d), 590.
The case of Welch, a Minor, v. Canton City Lines, Inc., 142 Ohio St., 166, 50 N. E. (2d), 343, presented a situation quite similar to that involved in the instant case. The bus in which the plaintiff was riding having' entered the intersection on a green light was struck by a truck driven by the defendant which approached and entered the intersection from the right of the bus-The traffic light facing the truck was out, hence the-resulting collision. A judgment on a verdict for the: plaintiff, based on the negligence of the defendant, was reversed because of a charge of the court that the driver of the bus in which the plaintiff was riding had the right of way and that the defendant was unlawfully within the intersection. It is stated in the syllabus of that case:
" Where a motor vehicle traveling north in a lawful) manner on a main thoroughfare enters a street intersection prior to another motor vehicle which is traveling east on an intersecting street and enters such intersection upon a green or go light, both vehicles are lawfully in such intersection; the drivers of such vehicles have equal rights and each is required to exercise ordinary care to avoid a collision.”
From the facts stated in the instant case the automobile in which the plaintiff was riding and the defendant’s automobile were both lawfully within the intersection and the driver of each therefore had the duty to use ordinary care. It follows that the charge which stated that no recovery may be had from the *526 defendant, if the jury found he was exercising ordinary care, was not erroneous.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Tapt and Hart, JJ., concur.