GOTTLIEB, PLAINTIFF-APPELLANT, *v.* LIPTAK, A MINOR, BY HIS FATHER AND NATURAL GUARDIAN, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4123. Decided March 21, 1961.

*Mr. Joseph B. Julius*, for plaintiff-appellant.
*Mr. Comus M. Beard*, for defendant-appellee.

GRIFFITH, J.   On the ninth day of June, 1958, at about 10:30 p. m. Joseph Gottlieb, a gentleman seventy-eight years of age, was crossing Market Street from west to east at its intersection with Central Square.   While so doing he was struck by an automobile being driven by Larry Liptak, a minor nineteen years of age, travelling in a northerly direction injuring the plaintiff, Joseph Gottlieb.

Plaintiff charges the defendant with negligence in the five following respects:—

1. He failed to yield the right of way to plaintiff.

2. Failed to keep a proper lookout.

3. Failed to maintain proper control of his automobile.

4. Failed to stop or change the path of travel of said automobile.

5. He was operating said automobile at an unreasonable speed, to-wit: in excess of fifteen miles per hour.

Defendant, through his guardian ad litem, filed a general denial, and the case was tried to a jury.

A jury returned a verdict in favor of the defendant upon which judgment was entered.   Motion for new trial was overruled.

The case is before this court upon questions of law.

There are eight errors assigned which given in narrative form may be stated that the verdict and judgment is against the manifest weight of the evidence, and that the trial court erred in excluding evidence, in admitting evidence, in refusing certain requests to charge before argument, as well as in its general charge, all of which were prejudicial to the rights of the plaintiff.

Was defendant negligent in any of the respects charged?

Another question in this law suit is whether the plaintiff was in the exercise of ordinary care for his own safety in the

use of the crosswalk. The evidence at trial raised the question of contributory negligence and the trial court properly charged thereon.

There is no error in the admission or rejection of evidence, nor in the refusal of the court to give the requested charges before argument. Nor is there any error in the general charge that is prejudicial to the rights of the plaintiff.

These factual questions were resolved by the jury in favor of defendant and against plaintiff.

"On factual questions a reviewing court will accept the determination of the fact finding entity, be it jury or court, unless so manifestly against the weight of the evidence as to shock the conscience to permit it to stand." *In re Estate of Bradford*, 32 Ohio Law Abs., 143.

After a careful reading of the bill of exceptions we have no difficulty in affirming the judgment of the trial court in this case. The trial judge did not commit reversible error in its admission and exclusion of evidence, nor in its rejection of the requested charges, nor in its general charge.

The evidence in this case is of a conflicting nature and the verdict of the jury, which was concurred in by all twelve members, was the basis of the court's judgment.

Our supreme court in the case of *Grass* v. *Ake*, 154 Ohio St., 84, had this to say respecting a case very similar to the one under review:—

"Where a pedestrian, proceeding across an intersection and within a crosswalk, with a green traffic signal in his favor, glances at the signal light as he leaves the curb and relying upon his statutory right of way walks straight ahead without looking for or at the traffic, whether his conduct constitutes contributory negligence is a question of fact in an action by the pedestrian for injuries sustained by being struck by an automobile proceeding through such intersection."

The judgment of the trial court is affirmed.

BROWN, P. J., and DONAHUE, J., concur.