CASEY, APPELLANT, *v.* SMITH; HILLS CAB CO., APPELLEE.

(No. 6415—Decided July 18, 1961.)

*Messrs. Power, Griffith & Jones*, for appellant.
*Messrs. Sebastian, Fais & Durst*, for appellee.

DUFFY, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, entered on a verdict returned in favor of the defendant Hills Cab Company, appellee herein.

Plaintiff, appellant herein, was the driver of a motorcycle which collided with a taxicab, owned by the defendant, at the intersection of East Main Street and Parsons Avenue in the city of Columbus.  The factual situation indicates that the taxicab of the defendant was being operated in a southerly direction on Parsons Avenue, entered the intersection on the green light, and came to a stop in the intersection, intending to make a left turn to go east on Main Street.  At the same time, another automobile going north on Parsons Avenue in the center or west lane, entered the intersection and stopped, intending to make a left turn to go west on Main Street.  Plaintiff was operating his motorcycle in a northerly direction in the right or east lane for northbound traffic on Parsons Avenue.  When plaintiff was approximately up to the rear of the northbound automobile, it made a left turn to go west on Main Street and defendant's taxicab made a left turn to go east on Main Street and pulled in front of the motorcycle driven by the plaintiff, which motorcycle collided with the right side of defendant's taxicab.

The plaintiff makes the following assignments of error:

"1. The court erred in its general charge in the definition of 'lawful manner' as used in Section 4511.01 (SS) of the Revised Code.

"2. The court erred in its general charge to the jury by giving a charge with regard to speed.

"3. The court erred in its general charge to the jury by giving a charge with relation to failure to have a vehicle under control.

"4. The court erred in giving a special charge to the jury on the subject of contributory negligence.

"5. The court erred in its general charge by charging the jury on the subject of contributory negligence.

"6. The court erred in giving a special charge to the jury that the plaintiff was required to exercise ordinary care for his own safety.

"7. The court erred in giving a special charge to the jury that the plaintiff was required to use his faculties of sight and hearing as an ordinary reasonably prudent man would do under the circumstances.

"8. The court erred in its general charge in unduly emphazing contributory negligence.

"9. The verdict of the jury was against the manifest weight of the evidence."

As to assignments of error Nos. 1, 4, 5, 6 and 7, the defendant relies on the cases of *Morris* v. *Bloomgren*, 127 Ohio St., 147; *Grass* v. *Ake, Exr.*, 154 Ohio St., 84; and *Beers* v. *Zettelmeyer, a Minor*, 155 Ohio St., 520, as showing the propriety of the court's action in giving the charges to the jury. It would appear from a reading of these cases that the Supreme Court of Ohio has nullified a statutory right of way, and has reduced every case in which a right-of-way question is involved to a determination as to whether the person who had the right of way was exercising ordinary care. In view of these decisions we cannot say that there was any prejudicial error arising out of these charges.

As to assignments of error Nos. 2 and 3, we do not feel that the evidence presented before the jury called for a charge as to speed or as to a failure of the plaintiff to have the vehicle under control, nor were such questions raised by the pleadings in the case.

The only evidence presented to the jury, as to the speed of the plaintiff's motorcycle, is found in the cross-examination of the plaintiff. His own statement in court was that he was traveling between 20 and 25 miles per hour as he approached the intersection, and there was an admission by him that, at the prior taking of his deposition, he had testified that his speed was "approximately 25, give or take five, I wouldn't say definitely because I don't know." Further, he admitted that, in answer to the question, "You say 'Give or take five, 25 or 30, something like that?' " he had answered, " 'That's right.' "

In regard to the control of the vehicle, the taxicab driver testified that he did not see the plaintiff until the time of the crash; and the plaintiff indicated that the defendant's taxicab suddenly pulled in front of him and "* * * I was right on him when I hit him, when he pulled in front of me." On cross-examination, the plaintiff testified:

"A. Well, as far as I can recollect, it happened so fast that I don't remember, it just happened like that and that was it. I was just right on him when he crossed my * * *.

"Q. Did you make any attempt to stop? A. Well, sir, I believe I did, and I'm not positive and I won't say. Maybe I did and maybe I didn't. It just happened so fast that I don't recall exactly.

"Q. Now, did you slide the tires of the motorcycle? A. That I don't recall whether I did or whether I didn't. I think I tried but truthfully, I can't say."

In answer to a further question on cross-examination, the plaintiff testified:

"Q. Well, now, it happened so fast, Mr. Casey, that really as to details of what happened, you don't know, do you? A. Well, I can't say positive whether I slid or whether I didn't, no, sir."

No one else testified as to the mode or manner in which the plaintiff was traveling just prior to the accident, and we do feel that, based upon such evidence, it was prejudicial error for the trial court to include a charge in regard to the speed of the plaintiff's vehicle or a charge with relation to the failure to have his vehicle under control.

In view of our finding as to these two assignments of error, it is unnecessary to rule upon assignments of error Nos. 8 and 9. The judgment of the trial court is reversed and the cause remanded for a new trial.

*Judgment reversed.*

Duffey, P. J., and Bryant, J., concur.

Duffey, P. J., concurring. While I concur with the principal opinion on its holdings, I believe that on remand we should indicate further that on the facts of record it would not have been erroneous to refuse a charge on contributory negligence.

It is well settled that one having the right of way still must exercise ordinary care *under the circumstances.* However, one of the circumstances is the right to expect that the other will yield and this must be taken into account. *Juergens* v. *Bell Distributing, Inc.* (1939), 135 Ohio St., 335, and especially at page 342. Under the facts here, any inference of contributory negligence could reasonably have been considered as speculative.

Parsons Avenue is a north-south street of four lanes; Main Street is an east-west street. The intersection is controlled by traffic lights. The taxicab of defendant proceeded on the interior lane of Parsons Avenue in a southerly direction, entered the intersection on a green light and stopped about the middle, west of the center lane, intending to make a left turn east onto Main Street. While so standing, a north-bound vehicle on Parsons Avenue was also stopped intending to left turn west onto Main Street. Plaintiff was proceeding north on Parsons Avenue in the extreme east lane. The taxicab itself was hidden from his view as he approached the intersection. He did see the light or taxicab mark on its roof from approximately a half-block back. The taxicab remained standing as he approached the intersection. As plaintiff reached the vicinity of the south crosswalk, and still with the green light, the north-bound vehicle turned west and the taxicab turned east, pulling across plaintiff's line of travel. There is no question of negligence by the plaintiff from that point to the point of collision.

It is apparent that plaintiff's conduct does not fall within the doctrine of *Morris* v. *Bloomgren* (1933), 127 Ohio St., 147, paragraph five of the syllabus of which states:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, *discovers* that the latter is not *yielding* the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter *after* becoming aware of his perilous situation." (Emphasis added.)

Plaintiff's conduct from the moment he *discovered* that the taxicab was *not* going to yield is not in question. Contributory negligence, if any, must be based on the theory that he should have anticipated that the taxicab *might* illegally and negligently enter his path. (*Quaere*, whether appellee would argue the same theory if plaintiff's right of way and defendant's obligation were strengthened by a specific prohibition on left turns.) This theory would require the plaintiff to slow his vehicle to such a speed as would enable him to avoid the collision upon the taxicab's pulling out. Cf. *Pitt, Admx.*, v. *Nichols* (1941), 138

Ohio St., 555. How much he must reduce his speed to achieve that control would depend on how close the taxi was when it pulled out. Carried to its logical extreme, plaintiff should come to a complete stop!

The ability or inability to move traffic is not just a matter of convenience. It has a substantial impact on the welfare of the entire community. It affects business and tax base, economic growth and physical development. While logical legalistic analysis is indispensable, experience is the lifeblood of the law. We must not impose unreasonable burdens upon the motorist, and upon government in its efforts to deal with present day traffic problems.

The case of *Grass* v. *Ake, Exr.* (1950), 154 Ohio St., 84, has been suggested as authority that there is always, or about always, a question of fact on contributory negligence in "right of way" cases. However, a precedent which involves a weighing of evidence should not be accorded the same respect as a precedent on a question of law. The *Grass case*, in my opinion, is an extreme *application* of settled doctrine. It should be confined to its facts rather than be considered as a binding legal precedent requiring the submission of the issue of contributory negligence to the jury.

Plaintiff here had not "utterly disregarded the circumstances." *Grass* v. *Ake, Exr., supra*, at 88. He knew that he had the right of way, that the taxicab had yielded, and it continued to yield up to the moment the collision was unavoidable. Under those circumstances, and taking into account the right to assume the taxicab would not wrongfully and negligently violate his right of way, the trial court could have refused an instruction on contributory negligence.