Matthias, J.
 

 The record in this case presents the question whether the trial court committed error prejudicial to plaintiff in instructing the jury as requested by counsel for defendant in the respects set forth in the preceding statement.
 

 We are of the opinion that request No. 3 is not erroneous in the respect complained of. That charge merely places upon the plaintiff the duty to exercise
 
 *196
 
 ordinary care for his own safety. There can be no exercise of care in a situation such as presented by the record in this case without the use of the faculties, and it is not erroneous to instruct the jury that it is incumbent upon a pedestrian about to cross a city street, or while crossing a city str&et, to make use of his senses of sight and hearing in his own protection as would a person of ordinary care and prudence. That is the purport and effect of request No. 3, and in giving it there was no error.
 

 The same cannot be said of requests Nos. 5 and 6. These instructions are objectionable in their requirements, in that they place an absolute duty upon the plaintiff, whereas he was required only to comply with the standard of ordinary care under the circumstances disclosed by the evidence. The contention of plaintiff was that the traffic light at the intersection west of the place where he was crossing the street was red at the time he looked while crossing the street. It is placing an unwarranted burden upon the pedestrian, under such circumstances, to instruct the jury that if he saw the street car, even though it may have been beyond a red traffic signal, and then proceeded to cross the street, his action was negligent as a matter of law and prevented recovery.
 

 The plaintiff claimed that, having looked to the west and observed that traffic was blocked by the red traffic light, he directed his attention toward the east, and was watching the slowly moving Avest-bound car until it could pass and permit him to continue his way across the street. The fifth and sixth requests by reason of the peremptory character of the language employed do not correctly or fairly present to the jury the issue of contributory negligence.
 

 The charge of negligence of the defendant company in the respects claimed Avas challenged, and upon that issue there was considerable evidence pro and con. There Avas very substantial evidence sustaining the
 
 *197
 
 position of the defendant company and refuting the claims made by the plaintiff with reference to the negligence of the defendant company. That issue was submitted to the jury without error. From the evidence, and under the instruction of the court upon that issue, the jury might well have found that the charge of negligence had not been sustained by a preponderance of the evidence, and upon that issue alone based its finding for the defendant. The verdict of the jury was general, and it is impossible to ascertain from the record that it was not based upon the jury’s finding in favor of the defendant company upon the issue of negligence. Under the well-established rule applied by this court in many cases, and recently reiterated and specifically made applicable to cases of this character in the case of
 
 Knisely
 
 v.
 
 Community Traction Co., ante,
 
 131, 180 N. E., 654, the judgment will not be reversed by reason of the error in the charge of the court upon the issue of contributory negligence of the plaintiff.
 

 Judgment affirmed.
 

 MARSHALL, C. J., JoNES, Dat, AlleN, Kinkade and Stephenson, JJ., concur.