## BRINKLEY v RHEA

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 6, 1935

Louis B. Sawyer, Cincinnati, and Jos. Sagmeister, Cincinnati, for plaintiff in error.

Dolle, O'Donnell & Cash, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

The application of the defendant in error for a rehearing having been granted, this cause is reconsidered by the court.

Plaintiff in error, Grace Brinkley, was plaintiff below. She filed suit against Wilma Rhea, defendant in error, seeking to recover for personal injuries suffered by her by reason of being struck by the automobile owned and driven by defendant in error, Wilma Rhea. The accident happened in Norwood on Main Avenue, near its intersection with Norwood Avenue. The plaintiff was crossing Main Avenue on foot, going from the west to the east side of the street. In so doing, she had succeeded in passing about three-fourths of the way, when she was struck by the automobile of the defendant, which was traveling north on Main Avenue. The plaintiff was seriously injured.

The charges of negligence in the petition are: excessive speed; violation of the statute of Ohio, §6310-17, GC; failure to keep a proper lookout; failure to give any warning; that the defendant wilfully and wantonly failed to exercise ordinary care in the premises, and that the operation of the car was very unreasonable and improper under the circumstances.

The answer admits the striking of the plaintiff by the defendant's automobile, driven by her; admits the injury, and generally denies the other allegations of the petition. A second defense charges in effect contributory negligence, in that the plaintiff darted from in front of another automobile without looking, and that plaintiff crossed Main Avenue at a point between street intersections.

The case was tried to the court and jury. The jury returned a verdict for the defendant. The trial court overruled the motion for a new trial, and entered judgment on the verdict. Plaintiff thereupon prosecuted error to this court.

It is urged here that the verdict and judgment are manifestly against the weight of the evidence, and error is assigned in the giving of special charges offered by the defendant.

This case would not be difficult were it not for the rule of the Supreme Court of Ohio that the two-issue rule applies to negligence cases.

The objection to defendant's special charges 2 and 3 goes to the question of the negligence of plaintiff, causing or contributing directly to her injuries. Defendant's special charges 2 and 3, which the court gave before argument, and of which complaint is made, are as follows:

"Special Charge No. 2. It is the duty of a person crossing the street to look for approaching traffic, and if you find from the evidence that the injuries, of which plaintiff complains, were directly due to her failure to look for traffic on Main Avenue approaching from the south, then your verdict must be for the defendant."

"Special Charge No. 3. A woman who attempts to cross the street in front of an approaching automobile and is struck and injured is not entitled to a verdict for damages against the driver thereof if caused by her failure to look in the direction from which vehicles might be expected

or if she stepped immediately in front of an automobile notwithstanding the evident peril in so doing."

These charges are incorrect and should in themselves cause a reversal of the judgment.

The law is that a pedestrian is entitled to equal rights in the street unless in violation of a specific legislative act, and no such violation was shown in this case. Her duty was to exercise reasonable care for her own safety under the circumstances. Special charges Nos. 2 and 3, complained of, suggest only specific things or acts which the plaintiff should have done, and that her failure to do certain things would bar recovery. In other words, the two charges lay down a rule of conduct which may or may not be due care under the circumstances. A similar situation arose in the case of **Binder v Youngstown Municipal Ry Co., 125 Oh St, 193, 180 NE, 899.** In the Binder case special charges, requested by the defendant railway company, were given by the trial court. Among these were charges Nos. 5 and 6. These charges were not as objectionable as special charges Nos. 2 and 3 in the case here under consideration. The court in the opinion in the Binder case, page 196, after stating that the giving of special request No. 3 was not error, stated:

"The same cannot be said of requests Nos. 5 and 6. These instructions are objectionable in their requirements, in that they place an absolute duty upon the plaintiff, whereas he was required only to comply with the standard of ordinary care under the circumstances disclosed by the evidence."

The court found that the giving of special charges Nos. 5 and 6 was error. The court, however, applied the two issue rule and did not reverse the judgment, for the reason that the charges involve the question of contributory negligence and the verdict returned was general. The court stated:

"From the evidence, and under the instruction of the court upon that issue [negligence of the defendant], the jury might well have found that the charge of negligence had not been sustained by a preponderance of the evidence, and upon that issue alone based its finding for the defendant. The verdict of the jury was general, and it is impossible to ascertain from the record that it was not based upon the jury's finding in favor of the defendant company upon the issue of negligence."

We have, therefore, a similar situation,, except **this court is of the opinion that the negligence on the part of the defendant was a proximate cause of the accident and resulting injuries, and plaintiff would be entitled to a verdict in the absence of proof of contributory negligence.** This situation shows clearly the fallacy of the two issue rule as applied to negligence cases, which this court has in the past contended against; but the rule has been declared by the Supreme Court of Ohio as the law of the state.

Considering the opinion in the Binder case it would seem that we would be justified in distinguishing that case from the one at bar, for the reason that negligence of the defendant was clearly shown. The testimony of the defendant would be sufficient to establish negligence on her part. The evidence is that there is a stop light at the intersecton of Main Avenue and Smith road. Main Avenue thereupon crosses over the railroad passing Harris Avenue, at which there is a traffic light, Harris Avenue coming into Main Avenue. A short distance farther, Norwood Avenue comes into Main Avenue. There is no traffic light at Norwood Avenue. The general description of this territory could be summed up as follows: There are six streets coming into Main Avenue in close proximity. The distance from Smith road to Norwood Avenue, where the accident occurred, is but a short distance, about one-half of which is taken up by Smith road coming in at an angle. The evidence is that the defendant had stopped at the junction of Smith road and Main Avenue, to await the turning of a traffic light from red to green. Upon the light turning green, she started across this complicated intersection. She testified there was a machine traveling along at her side; that she was on the right, her machine being next to the curb; that she did not see the plaintiff at any time until she was within five or six feet of her, when it was too late to prevent striking her; that at the time she was traveling from 20 to 25 miles per hour. Other witnesses said she was going between 25 and 30 miles per hour. One of the excuses offered by the defendant was that the plaintiff was dressed all in black, black coat and black hat, and that the night was gloomy, and that the failure to see the woman crossing the street was excusable on that account. However, this evidence is rebutted by the driver of an automobile 200 feet away on Carth-

age Avenue. This witness testified that he saw the plaintiff as she started to cross the street; that he was waiting for the green light; that he saw the other machine coming and was concerned as to the safety of this plaintiff; that he saw the machine was going to strike her, and that he shouted. The testimony is that this part of the city is well lighted. If the witness was able to see the plaintiff 200 feet away during the entire time she was crossing the street, the excuse that the woman was all in black could have no probative value, going to the question of the failure to see as a ground of negligence.

We have mentioned only some of the high lights in the evidence, which show that the jury could not have found for the defendant on the question of negligence of the defendant, but must have found the plaintiff guilty of contributory negligence. We, therefore, return to special charges Nos. 2 and 3.

The vice of these two charges is clearly shown when we analyze the wording and apply it to the case. The charges would practically mean a directed verdict for the defendant, on the ground of contributory negligence. Of course, plaintiff could not recover were the jury to find from the evidence that she was guilty of contributory negligence, but that question must be properly submitted in the charge to the jury. We are of opinion, therefore, that the court would be justified, notwithstanding the two issue rule, in reversing this judgment for error in giving defendant's requested charges Nos. 2 and 3.

The court is further of the opinion that the verdict, and judgment, in so far as it relates to the negligence of the defendant, if that was the ground of the verdict, is manifestly against the weight of the evidence.

Finding that the evidence establishes negligence on the part of the defendant, and finding prejudicial error in the giving of defendant's special charges Nos. 2 and 3, we are of opinion that substantial justice requires a reversal of this case.

The judgment will be reversed, and the cause remanded to the Court of Common Pleas for a new trial.

Judgment reversed.

ROSS, PJ, concurs.

## CONCURRING OPINION

By MATTHEWS, J.

It seems to me that the result reached is the correct one. The record clearly shows that defendant's negligence was, at least, a part of the direct cause of the collision. The issue of plaintiff's contributory negligence was, therefore, the essential one for the jury's consideration, and, as a verdict that defendant was not negligent would be manifestly against the weight of the evidence, the jury must have decided that issue against the plaintiff. This result, we conclude, was reached by the application of the improper rules stated in the special charges to the prejudice of the plaintiff.

It seems to me unnecessary to denounce the two issue rule. We have found that on the facts in this case it does not require an affirmance of the judgment. Even had it been found that the rule applied, I would have decided the case accordingly without comment on the wisdom of the rule.