## HAMILTON v GILKEY

Ohio Appeals, 4th Dist, Ross Co

Decided Jan 11, 1937

Wilby G. Hyde, Chillicothe, and Corn, Jenkins & Collier, Ironton, for appellant.

Willard C. Walter, Chillicothe, and Walter W. Boulger, Chillicothe, for appellee.

## OPINION

By BLOSSER, J.

Oscar Hamilton, the plaintiff and appellant in this case, was a resident of Lawrence County. At the time in question he was traveling in an automobile from his home to the city of Columbus. In passing through Chillicothe he traveled east on Second Street intending to take State Route No. 23 at Bridge Street. By mistake, instead of turning left off Second Street and onto Bridge Street on Route 28, he continued east on Second Street until he came to the intersection of Watt Street where a collision occurred between the automobile in which he was riding and the automobile of Hollis H. Gilkey, appellee, which was traveling south on Watt Street. The plaintiff received bodily injuries and his automobile was badly damaged by being struck on the left side by the automobile of the defendant. The plaintiff brought an action for damages against the defendant asserting that the defendant was guilty of negligence in several respects, one of which was excessive speed, another that the defendant did not use proper care when he entered the intersection of the streets, and another that he did not keep a proper lookout ahead. The defendant's answer contained a general denial and asserted that whatever injuries were sustained by the plaintiff were the direct result of his own negligence and want of care. The case was tried to a jury and resulted in a verdict and judgment for the defendant. The plaintiff appealed to this court on questions of law.

A number of errors are assigned as ground for a reversal of the judgment, among which are error of the court in the admission and rejection of evidence, a failure to define the issues, error in the charge of the court and that the verdict is against the weight of the evidence. We have considered all of the assignments of error but

will discuss only the more important and controlling ones.

It is our conclusion that any error in the admission or rejection of evidence is not of such importance as to require a reversal of the judgment. The issues were not defined as clearly as they might have been but this standing alone would not be sufficient to warrant a reversal of the judgment.

One of the assignments of negligence is that there was a violation of the speed statutes and it therefore became important as to whether the scene of the collision was in the business or closely built-up portion of the city. It is urged that the court erred in charging the jury with respect to this matter and in failing to charge the jury as a matter of law that the collision occurred in a closely built-up part of the city. The evidence in the record describing the location of the collision is meager and there is very little evidence as to the buildings at that place. If the facts were not in dispute and the evidence had adequately described the location of the building at that point it would then have been the duty of the court to charge the jury on this question as a matter of law. **Community Traction Co. v Konte, 122 Oh St 514, 521, 172 NE 442.** Under the evidence in this case there was no error in the court's refusal to charge that the place in question was as a matter of law a closely built-up part of the municipality. Where the evidence is conflicting as to whether a certain location is in the closely built-up portion of a municipality the court can submit that question to the jury under proper instructions. Under such circumstances it is the duty of the court to define what is a closely built-up portion of a municipality. The Supreme Court has given a definition which is concise and comprehensive in Traction Co. v Konte, supra.

"The phrase, 'closely built-up portion of a municipal corporation,' as used in §12603, GC (110 Ohio Laws 138), relates to the proximity of buildings to the road or highway rather than the proximity of buildings to each other."

After the jury had this question submitted to it there was no rule to govern it as to what constituted a closely built-up part of the city and each member of the jury might have had a different idea in that respect and there might have been twelve different views in that regard.

Where this matter is submitted to the jury, it therefore becomes important for the court to give a proper definition of what is a closely built-up part of the municipality.

It is urged by the appellant that a request to charge was made defining that matter as laid down by the Supreme Court. However, the record does not fully support this contention. Even without such a request the trial court should have given a definition of what constitutes a closely built-up part of the municipality at the time the question was submitted to the jury.

As to the charge of the court, the record discloses that the court said in the general charge:

"I charge you, members of the jury, that if the plaintiff, just as he was approaching or entering the intersection, discovered that the driver of the vehicle on his left was violating the law and not yielding to him the right of way, it then became the duty of the driver lawfully having the right of way not to wantonly injure the other but to use ordinary care to avoid injuring him after discovering and appreciating the dangerous peril in which the negligent driver had placed himself."

This charge would be proper under certain circumstances but in the instant case it was not pertinent and the evidence was not such as to warrant the court in giving it to the jury.

The trial court gave a special instruction to the jury before argument relating to contributory negligence which was technically correct but followed it with this statement of the law in the general charge:

"Now, the law is that if the injuries are caused proximately by the negligence of the plaintiff and the defendant cooperating together, or, if the plaintiff's negligence contributes, even though the defendant is negligent, contributes in any degree to the *defendant's* injuries, he cannot recover. The theory and idea of contributory negligence assumes that the defendant was negligent in some respects, but that the negligence on the part of the plaintiff himself, that negligence, acting with the negligence of the defendant, together caused the injury, and the law is that if the plaintiff was negligent in that respect, in any degree, he can not recover." (Emphasis ours).

In the examination of witnesses by counsel for the defendant much was made of

the fact that the plaintiff had failed to turn to the left off of Second Street and onto Bridge Street on Route 23 and had proceeded east on Second Street for quite a distance to the scene of the collision. The plaintiff was asked numerous times about his being lost. Counsel for the defendant by this emphasis, could readily leave the inference with the jury that in this respect the plaintiff was negligent in not following the proper route. It could not be claimed that this mistake, or negligence if it was so considered by the jury, was in any way connected directly with the accident. It thus will be seen that a proper charge with reference to contributory negligence was of unusual importance in this case. The charge of the court in this respect was erroneous since it precluded a recovery by the plaintiff if he was negligent in any degree without limiting such contributory negligence as a proximate or direct cause of the injury. Under the charge as given to the jury, if the plaintiff was negligent in any manner, although extremely remote and not directly or proximately connected with the accident, he could not recover. Under this charge and the evidence, if the jury concluded that the plaintiff was negligent in not turning off of Second Street and onto Bridge street on Route 23, that is, his failure to notice the traffic sign, constituted contributory negligence, then the finding of the jury must have been for defendant even though this act of the plaintiff was in no manner a direct or proximate contributing cause of the accident. In other words, the court did not clearly state to the jury that the negligence on the part of the plaintiff which would bar a recovery on his part must be such as directly or proximately contributed to his injury.

It is said in 29 **Ohio Jurisprudence, 530:**

"It is a fundamental rule of law that there can be no recovery for injuries, where it appears that the person injured was guilty of contributory negligence. Manifestly, the contributory negligence of a plaintiff, to bar a recovery, must contribute as a proximate cause of his injury. It must directly, not casually, contribute to produce the injury."

The Supreme Court has laid down this principle of law as early as **Schweinfurth v C., C., C. & St. L. Ry. Co., 60 Oh St 215,** 54 NE 89, and as late as **Bartson v Craig, 121 Oh St 371, 169 NE 291.**

We are well aware of the rule that the charge of the court must be construed as a whole as laid down by the Supreme Court and especially by its last pronouncement on this subject in **Youngstown Municipal Ry. Co. v Mikula, 131 Oh St 17,** 1 NE (2d) 135. In the instant case, however, the error is particularly prejudicial for the reason that it appears in the last part of the charge where there seems to be a summary of the law applicable to contributory negligence. The last words of the court to the jury on the subject of contributory negligence were, "if the plaintiff was negligent in that respect in any degree he can not recover."

The evidence on behalf of the defendant does not make a strong case but we are not disposed to interfere with the judgment on that ground.

As the defendant pleaded two defenses, that of contributory negligence and also a general denial, he asserts that even if there was error in the charge with reference to contributory negligence the other defense was good and under the two-issue rule the judgment should be affirmed. The two-issue rule does not apply in this case for the reason that there are a number of grounds of reversal as pointed out and for the further reason that the facts in the record bring the case within the rule stated in the case of **Brinkley v Rhea, 53 Oh Ap 128, (22 Abs 248), 4 NE (2d) 270.** Neither of the two issues was submitted free from error.

For the errors pointed out in the charge of the court the judgment is reversed and the cause remanded for further proceedings according to law.

Judgment reversed and cause remanded.

MIDDLETON, PJ, and McCURDY, J. concur.