Stewabt, J.
Defendant has assigned in this court two principal errors. The first is the action of the Court of Appeals in finding error in the judgment of the Court of Common Pleas because that court failed to charge further on the fifth specification of negligence and in finding that counsel for plaintiff requested the court to do so, and, second, in the action of the Court of Appeals in finding that the Court of Common Pleas erroneously gave defendant’s special charge No. 1 before argument. Defendant claims also that the Court of Appeals erred in reversing the judgment, and that the judgment of the Court of Appeals is contrary to law.
The first assigned error involves the general charge of the court to the jury. The record shows that counsel for plaintiff excepted to the charge generally and *492 especially “for failure of the court to give instructions on the fifth allegation of negligence in plaintiff’s petition, ’ ’ and as to the request to ‘ ‘ the court to further instruct the jury that the fact that the railroad company had been pushing cars into the Cleveland Stevedore Company dock, without men riding on the back end, or without giving any warning, is not to be considered by the jury as evidence that this was the proper method and manner of doing that, and that even though they did the work in this manner, they still may be guilty of failure to exercise ordinary care under these instructions as given by the court. ’ ’
The trial court in charging the jury called its attention to all five of plaintiff’s specifications of negligence. The court then said that as to each of these specifications it was the duty of defendant to exercise ordinary care. The court thereupon correctly defined ordinary care, and with reference to each of the first-four specifications of negligence, which are specific, it told the jury that if in the exercise of ordinary care, as it had been defined, defendant should have done what plaintiff claimed was not done or should not have done what plaintiff claimed was done, such action of defendant would constitute negligence.
The fifth specification of negligence is general in that it charges that defendant ‘ ‘ failed and neglected to promulgate and enforce a reasonable [reasonably] safe method of placing ears on said tracks.”
As we have said, the court instructed the jury, in reference thereto, that it was defendant’s duty to exercise ordinary care.
Defendant had introduced evidence that its' custom was to back in the cars without warning and without placing a man or having a light on the end thereof. Nevertheless, the court charged the jury that if an ordinarily prudent person would have given warning or would have had a man or a light on the end of the cars, *493 defendant would have been negligent in not doing so, even though it was its custom not so to do. '
The court gave a full charge with reference to the question of speed as covered in the third specification of negligence. '
It is obvious that the jury was charged upon every specification of negligence contained in plaintiff’s petition.
It has long been the law of this state that, where a charge to a jury is otherwise correct, the omission of some matter which might have been included is not fatal and does not constitute reversible error unless the omission is called to the attention of the court and an instruction requested. Wood v. General Electric Co., 159 Ohio St., 273, 112 N. E. (2d), 8; Rhoades v. City of Cleveland, 157 Ohio St., 107, 105 N. E. (2d), 2; Karr, Admr., v. Sixt, 146 Ohio St., 527, 67 N. E. (2d), 331.
In all probability, if the trial court had neglected to make any charge upon the fifth specification of negligence, the refusal of the court to grant plaintiff’s request for a charge thereon would have constituted error. However, where, as in the present case, a charge is made upon a particular issue and that charge is sound, if either party desires further instruction it is that party’s duty through counsel to indicate to the court what further instruction should be given. Obviously it is not required that any specific instruction be written out or stated, but the party desiring the further instruction must tell the court in general language what further instruction he requests. This is particularly true in reference to a proposition of such a general nature as is the fifth specification of negligence in the present case.
With reference to plaintiff’s request that the court charge that the fact that defendant had been pushing-cars into the Cleveland Stevedore Company dock with *494 out men riding on the back end, or without any warning, was not to be considered by the jury as evidence that this was the proper method and manner, and that even if it did the work in this manner it still might be guilty of failure to exercise ordinary care, the court had already fully charged the jury concerning the standard by which defendant’s conduct was to be judged with reference to each of these specifications of negligence, to wit, the standard of conduct of an ordinarily prudent person under the same or similar circumstances, and it seems to us that it was not error for the court to refuse to again charge on that question. Furthermore, it would have been error for the court to instruct the jury that it should not consider the testimony with reference to the custom or usage of the defendant. This court has held that such custom or usage is a proper matter to be submitted to the jury in its consideration in determining whether ordinary care has been exercised, although it does not furnish a test which is conclusive or controlling. Ault v. Hall, 119 Ohio St., 422, 164 N. E., 518, 60 A. L. R., 128; Witherspoon v. Haft, 157 Ohio St., 474, 106 N. E. (2d), 296.
It is contended by plaintiff that prejudicial error resulted to her by the giving of the first two of the special charges requested by defendant before argument.
The Court of Appeals held that special charge No. 1 was prejudicially erroneous because it omitted certain material facts and used language from which the jury might have found that decedent was on the premises of defendant of his own volition and had entire freedom of action to move from the place where he was working. That court said also that the use of the word, “when,” throughout this charge did not cure the omission of material facts, and that the charge *495 failed to include the essential element of proximate cause.
This court agrees with the Court of Appeals that the language used in special charge No. 1 was not particularly applicable to the factual situation disclosed in this case. Undoubtedly this charge is based upon the decision of this court in the case of Railroad Co. v. Depew, 40 Ohio St., 121. A casual reading of that case will demonstrate that its facts are entirely different from those in the present case.
The facts in the case of Snyder, Admx., v. C., C., C. & St. L. Ry. Co., 60 Ohio St., 487, 54 N. E., 475, are more nearly analogous to the facts of the present case.
In the Snyder case, the person killed was employed by the company as station agent and was engaged in loading and unloading cars on a sidetrack next to the main track. The injuries resulted from the action of the company in moving cars, without warning, to the place where decedent was walking, and this court held that the allegations of the petition sufficiently showed negligence on the part of the company and care on the part of the decedent so as to be good against demurrer.
In the present case, the Court of Appeals did not err when it disapproved of special charge No. 1.
Plaintiff claims further that special charge No. 2 was erroneous in that it placed a duty upon the decedent beyond that of ordinary care. It is her claim that the language required an absolute, effective and complete watching for cars by decedent and that, under such language, the fact that he was injured was, in effect, proof of negligence.
The Court of Appeals in commenting on special charge No. 2 said that it was substantially to the effect that it was the duty of decedent to exercise ordinary care and to use his faculties of sight and hearing to *496 watch the movement of cars when working on or about the railroad tracks, and that if he failed to exercise ordinary care under the surrounding circumstances, and such failure proximately contributed to his fatal injury, the jury should return a verdict for the defendant.
We agree with the Court of Appeals that this charge seems to have been a correct statement of the law as applied to the facts in this case, and that it was not error to give it.
We come now to the question whether the giving of an incorrect special charge, having reference only to the issue of decedent’s contributory negligence, was sufficient ground to reverse the judgment of the Court of Common Pleas.
In the present case, the jury returned a general verdict for defendant, and .in the case of Binder v. Youngstown Municipal Ry. Co., 125 Ohio St., 193, 180 N. E., 899, this court held :
“Where, in the trial of an action to recover damages for negligence, a general verdict was returned for the defendant, the record not disclosing upon which issue the verdict was based, and the record disclosing no error either in the presentation or submission of the issue of the defendant’s negligence, the judgment rendered on such verdict will not be reversed for error in instructions having reference only to the issue of contributory negligence.” See Bush, Admr., v. Harvey Transfer Co., 146 Ohio St., 657, 67 N. E. (2d), 851.
The Binder case ivould seem to be dispositive of the question we have just stated. Moreover, in the present case two sets of coupled interrogatories were submitted to the jury in a form which this court has consistently approved. Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672.
*497 The jury answered those interrogatories, saying that defendant was not negligent, that decedent was guilty of negligence which proximately caused or contributed to his death, and that such negligence consisted of “lack of alertness despite knowledge of hazards connected with the job.”
In the face of such specific findings, it seems inconceivable and fantastic to hold that an error in'a special charge relating only to the question of contributory negligence of decedent could in any way have been prejudicial.
Plaintiff complains of one other alleged error, namely, the refusal of the trial court to admit evidence of the practice of defendant adopted immediately after the accident. Plaintiff concedes that ordinarily what a defendant does after an accident is not admissible as evidence to show negligence in prior conduct, but plaintiff contends that she offered the evidence only to show that it was practical for defendant to conduct its operations in a safer manner than it did. However, evidence was admitted by the court to the effect that the method adopted by defendant after the accident was not only possible but practical. Therefore, it was not prejudicial error for the court to refuse to admit the particular evidence offered. '
Since the trial court committed no error in the manner in which it submitted to the jury the question of defendant’s negligence, since the jury rendered a general verdict for defendant, since in answer to proper interrogatories the jury specifically found that defendant was not negligent and that decedent was guilty of negligence proximately contributing to his death, and since, under such circumstances, an error in a charge solely concerned with contributory negligence can not be prejudicial, we find that the Court of Appeals was in error in reversing the judgment of the *498 Court of Common Pleas, and that the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Taft, Hart, Zimmerman and Lamneck, JJ., concur.
Middleton, J., not participating.