Taft, J.
In determining whether the Court of Appeals’ judgment should be affirmed, for the reasons stated in its order of reversal, the question is whether the Common Pleas Court erred in sustaining defendant’s objection to the proffered testimony of plaintiff that a bystander had stated, “God, he rushed the light. ’ ’ The exclusion of the statement of a bystander that “I never saw her” has not been relied upon by plaintiff in arguing that the judgment of the Court of Appeals should be affirmed. That latter statement would ,be relevant only if made by defendant. His testimony is in substantial accord with that statement. Hence, there could have been no prejudice to plaintiff in excluding evidence that he made it.
The statement of the bystander, “God, he rushed the light,” was obviously only relevant in the instant case on the inquiry as to whether defendant did or did not enter the intersection on the green light. It could therefore be relevant only if offered to prove the truth of the matter asserted in it. Since the bystander declarant was not offered as a witness, the statement was clearly hearsay. See 6 Wigmore on Evidence (3 Ed.), 134, Section 1746; Morgan, A Suggested Classification of Utterances Admissible as Res Gestae, 31 Yale Law Journal, 229, 230.
If the bystander had testified to the matter asserted in his declaration, he would not only have been under *494 oath but defendant would have had an opportunity to cross-examine him and thereby determine whether he did or did not see the accident and the traffic light and whether he was paying any particular attention to that light immediately before defendant’s automobile struck the plaintiff. Thus, if this hearsay declaration had been admitted in evidence, defendant would not only have been deprived of the guaranty of truthfulness resulting from the oath of declarant but also of any means of testing the accuracy of those observations of the declarant upon which such declaration would necessarily be based. Ordinarily, the law would not give serious consideration to the admission of testimony such as that involved in the hearsay statement of this bystander unless it was given under oath and unless the party against whom it was offered was given an opportunity to test by cross-examination the accuracy of the observations upon which it was based.
Thus, ordinarily, where hearsay (i. e., a declaration by a person, not under oath and not subject to cross-examination, offered to prove the truth of the matter asserted) is admitted in evidence, some necessity for its acceptance as evidence must be shown and there must also be something which the law considers as a substitute (although not adequate nevertheless justified by that necessity) for the oath of the declarant and his cross-examination by the party against whom the hearsay is offered. See 6 Wigmore on Evidence (3 Ed.), 138, 139, Sections 1748,1749.
In support of her contention that the declaration, ‘ ‘ God, he rushed the light, ’ ’ should have been admitted, plaintiff has relied principally on the two decisions of this court in State v. Lasecki, 90 Ohio St., 10, 106 N. E., 660, L. R. A. 1915E, 202, and New York, Chicago & St. Louis Rd. Co. v. Kovatch, Admr., 120 Ohio St., 532, 166 N. E., 682, and on the decision in Hodge Drive-it-Yourself, Inc., v. Cincinnati Gas & Electric Co., 90 *495 Ohio App., 77, 96 N. E. (2d), 325, which latter case was the only authority cited by the Court of Appeals in its memorandum opinion. It may be observed that the fact, that this court overruled a motion to certify in the Hodge case, does not necessarily indicate approval by this court either of that decision or the reasons given in support of it.
A reading of the opinions in those three cases clearly indicates that the courts deciding them endeavored to follow the requirements outlined in Wigmore on Evidence in determining that the trial court in each case had properly admitted the questioned hearsay testimony under what that author refers to as the “spontaneous exclamations” exception to the hearsay rule.
It may be observed that, with respect to this so-called spontaneous exclamations exception to the hearsay rule, it has been stated that no necessity for admission of hearsay testimony coming within the exception need ever be shown. 6 Wigmore on Evidence (3 Ed.), 138, Section 1748. In the instant case, in view of plaintiff’s condition after the accident, the death before the trial of the policeman who was at the scene of the accident and the inability of plaintiff to identify the declarant, there would undoubtedly have been a sufficient showing of necessity if such showing were required. Likewise, the infancy of the declarants in the Lasecki and Kovatch cases made it unnecessary to consider in those cases whether a showing of such necessity was required. See State v. Lasecki, supra, 20, and Rd. Co. v. Kovatch, supra, 538. We do not therefore express any opinion on whether such necessity must be shown with respect to the spontaneous exclamations exception to the hearsay rule applied in those cases and sought to be applied in the instant case.
The basic justification advanced for this exception to the hearsay rule is “that in the stress of nervous *496 excitement the reflective faculties may be stilled and the utterance may become the unreflecting and sincere expression of one’s actual impressions and belief.” 6 Wigmore on Evidence (3 Ed.), 139, Section 1749. With respect to this exception, it is stated in 6 Wig-more on Evidence (3 Ed.), 142, 155, Section 1749:
‘ ‘ * * * the following limitations, and these only, may legitimately be deduced:
“ (a) * * # There must be some occurrence, startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting. * * *
“(b) Time of the Utterance. The utterance must have been before there has been time to contrive and misrepresent, i. e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. * * *
“It is to be observed that the statements need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated. * * *
"* * *
“Furthermore, there can be no definite and fixed limit of time. Each case must depend upon its own circumstances * * *.
< É * # #
“(c) * * * The utterance must relate to the circumstances of the occurrence preceding it. * * *”
It is also stated in 6 Wigmore on Evidence (3 Ed.), 155, Section 1751:
“Upon the ordinary principle applicable to all testimonial evidence * * * and therefore to hearsay statements offered under these exceptions * * * the declarant must appear to have had an opportunity to observe personally the matter of which he speaks.”
It is certainly arguable that these limitations should not prevent application of this exception to the hear *497 say rule to the declaration involved in the instant case. However, the statement, “God, he rushed the light,” may well have been made with reference to an automobile operated by someone other than defendant and after the accident. As indicated by the plaintiff’s own testimony, there was traffic passing east and west on Euclid at the time she undertook to cross East 107th Street as well as vehicles stopped for the light on East 107th Street. It is not unreasonable to believe that traffic continued through this intersection after she was struck and that a sufficient number of seconds elapsed before she regained consciousness to enable one or more traffic-light changes, which admittedly took place at 47- and 33-second intervals. Certainly, the evidence was not such as to require a conclusion as a matter of law that the statement, ‘ ‘ God, he rushed the light,” related to defendant’s automobile. It is arguable that a finding that it did would be reasonable but certainly, under the circumstances in the instant case, a finding that it did not would be about equally reasonable.
There is another factor which sharply distinguishes this case from the Lasecki, Kovatch and Hodge cases. In the instant case, the witness who testified about the questioned declaration not only had just regained consciousness when the declaration was made but very shortly thereafter lapsed into unconsciousness. Admission of the declaration was therefore subject to an additional element of unreliability, not considered in Wigmore’s analysis of this exception to the hearsay rule, i. e., the opportunity which the witness had in her transitory state from unconsciousness to consciousness and back to unconsciousness to mishear or to forget exactly what was said. For example, if a group of people had gathered around such a scene as appeared after this accident, a bystander who saw nothing might well have said, “God, he must have *498 rushed the light.” Such a statement would be clearly inadmissible and could easily have been misheard by one, who was in the plaintiff’s transitory condition of regaining consciousness and lapsing into unconsciousness, as the statement which she said she did hear. Evidence of such a declaration, if admissible, would be admissible notwithstanding that the declarant was not under oath and not subject to cross-examination. Therefore, if there may also be a reasonable doubt as to what the declaration was, the court should take that into consideration before admitting it into evidence.
Thus, as to the startling occurrence which may have rendered this declaration spontaneous, there is some doubt as to whether it was the accident in which plaintiff was injured or, instead, merely declarant seeing plaintiff lying on the pavement in her helpless condition or witnessing some other automobile rush this light a few seconds after this accident. Also, as to the time of the utterance and its relation to the circumstances of the accident, there is nothing to indicate there was not a sufficient number of seconds for some other car to rush the light before the declaration or to indicate that the declaration did not relate to such a subsequent occurrence. Furthermore, apart from the declaration and the fact that the declarant was present at some time very shortly after the accident, there is nothing to show that, just before the accident, the declarant had “an opportunity to observe personally” whether defendant’s automobile did or did not rush the light. See Beck v. Dye, 200 Wash., 1, 92 P. (2d), 1113, 127 A. L. R., 1022. In addition, plaintiff’s condition was such as to raise some doubt as to what the declaration was.
With respect to the limitation on the spontaneous exclamations exception to the hearsay rule as to “time *499 of the utterance,” it is stated in 6 Wigmore on Evidence (3 Ed.), 154, Section 1750:
“Rulings upon this limitation should not in strictness be given the force of precedents. To argue from one case to another on this question of ‘time to devise or contrive’ is to trifle with principle and to cumber the records with unnecessary and unprofitable quibbles. There is a lamentable waste of time by Supreme Courts in here attempting either to create or to respect precedents. Instead of struggling weakly for the impossible, they should decisively insist that every case be treated upon its own circumstances. They should, if they are able, lift themselves sensibly to the even greater height of leaving the application of the principle absolutely to the determination of the trial court.” See also 9 Wigmore on Evidence (3 Ed.), 503, Section 2550.
This court does not agree with the suggestion that the application of this exception to the hearsay rule or of any of its limitations should be left “absolutely to the determination of the trial court.” See annotation, 163 A. L. R., 15, 92, 93. However, it would be impossible to lay down hard and fast rules which could solve every question relative to the admission of evidence under the spontaneous exclamations exception to the hearsay rule. This case demonstrates the variety of factors which may be involved in determining whether the circumstances indicate not only a guaranty of truthfulness with respect to a declaration claimed to be admissible as a spontaneous exclamation but also some reasonable basis for concluding that such declaration was based on accurate observations by the declarant. There may be instances in which a decision to reject such a declaration will appear to a reviewing court almost as reasonable as a decision to admit it; and vice versa. We certainly do not believe that the *500 decision of the trial judge in such an instance should be disturbed.
It is elementary that the trial judge is to decide those questions of fact which must be decided in order to determine whether certain evidence is admissible. 9 Wigmore on Evidence (3 Ed.), 501, Section 2550. But cf. Smith v. Barrick, 151 Ohio St., 201, 85 N. E. (2d), 101, 8 A. L. R. (2d), 1087. In the instant case, the trial judge, in determining whether this declaration was admissible, necessarily had to decide certain questions of fact. If his decision of those questions of fact, as reflected in his ruling on the admissibility of this declaration, was a reasonable decision, an appellate court should not disturb it. In other words, we believe that the decision of the trial judge, in determining whether or not a declaration should be admissible under the spontaneous exclamations exception to the hearsay rule, should be sustained where such decision appears to be a reasonable one, even though the reviewing court, if sitting as a trial court, would have made a different decision. Cf. Schwer, Admx., v. New York, Chicago & St. Louis Rd. Co., 161 Ohio St., 15 (paragraph four of the syllabus), 117 N. E. (2d), 696. See also 163 A. L. R., 15, 93 et seq.; 127 A. L. R., 1030, 1032.
Some of the members of this court, if sitting as trial judges, might have reached a different conclusion from that of the trial judge in the instant case with respect to the admission of this declaration. We are, however, unanimously of the opinion that the decision of the trial judge was a reasonable one.
Our conclusion is that hearsay testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that *501 there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over declarant’s reflective faculties so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.
However, we also are of the opinion that any reasonable doubt about the accuracy of the testimony of the witness, as to the words of such statement or declaration of another, other than a mere doubt as to the veracity of such witness, may also be considered by the trial judge in determining whether such statement or declaration should be admitted under the exception to the hearsay rule for spontaneous exclamations; and that, even though the reviewing court, if sitting as trial judges, would have held such statement or declaration admissible in evidence under the exception to the hearsay rule for spontaneous exclamations, a decision of the trial judge rejecting such statement or ■ declaration will not ordinarily justify a reversal where such decision appears to have been a reasonable decision.
*502 For the reasons hereinbefore stated we are of the opinion that the Court of Appeals erred in reversing the judgment of the Common Pleas Court for the reason which it gave for that reversal.
In support of the judgment of the Court of Appeals, it is argued by plaintiff that, even if the Court of Appeals erred in reversing the judgment of the Common Pleas Court for the reason which it gave, it should have rendered the same judgment on account of other assignments of error which it found to be “not well taken. ’ ’
In her cross-appeal, plaintiff' contended that the Court of Appeals erred in not holding that the trial court’s charge, defining the “preponderance of the evidence,” was improper since the charge defined the “preponderance of the evidence” as a preponderance of the evidence adduced by plaintiff.
The only witnesses examined were called by plaintiff. After plaintiff concluded her case and rested, defendant rested without calling any witnesses. However, plaintiff complains that the jury should have been told that it could consider the testimony of defendant, who was called by plaintiff for cross-examination under the statute, in determining whether plaintiff had sustained the burden of proof. If there was any error in not doing so, it was in our opinion an error of omission, and, not having been called to the attention of the trial court, cannot be relied on as a ground for reversal. Rhoades v. City of Cleveland, 157 Ohio St., 107, 105 N. E. (2d), 2. Also, the jury would have ordinarily understood from what the court said that testimony, adduced by plaintiff on cross-examination of defendant under the statute as part of plaintiff’s case, was “evidénce offered by” plaintiff, and that any part of it favorable to her case was evidence that she had.
*503 Plaintiff further contended that the Court of Appeals erred in not holding that the trial court’s charge on contributory negligence was improper since there was no evidence of contributory negligence or evidence from which contributory negligence could be inferred.
In view of plaintiff’s testimony, as outlined in the statement of facts, especially if the jury believed defendant’s testimony that he was traveling at only five to seven miles per hour through the intersection, we believe that the issue of plaintiff’s contributory negligence was raised by the evidence. Grass v. Ake, Exr., 154 Ohio St., 84, 93 N. E. (2d), 590.
The other errors assigned by plaintiff relate to the charge on contributory negligence. Without passing upon them, it is sufficient to state that, even if there was error in the charge of the court relating to the issue of contributory negligence, the two-issue rule would require an affirmance of the judgment of the trial court. Fantozzi, Exr., v. New York, Chicago & St. Louis Rd. Co., 161 Ohio St., 485, 120 N. E. (2d), 104; Binder v. Youngstown Municipal Ry. Co., 125 Ohio St., 193, 180 N. E., 899.
It follows that the judgment of the Court of Appeals must be reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.